STANDARD OIL COMPANY, APPELLEE, *v.* GRICE, ADMX, ET AL., APPELLEE; INDIANA INSURANCE COMPANY, APPELLANT.

98

(No. 930—Decided August 20, 1975.)

*Messrs. Squire, Sanders & Dempsey, Mr. George I. Meisel* and *Messrs. Marchal & Marchal,* for appellee.

*Messrs. Dorfmeier, Schmidt & Stone,* for appellee, Lois L. Grice, Admx.

*Mr. F. Thomas Green,* for appellant.

McBRIDE, J. In the within appeal, both the plaintiff, The Standard Oil Company, and defendant Indiana Insurance Company have formally dismissed their claim and counterclaim. The issue is whether the dismissal by Indiana Insurance Company was voluntary or involuntary and with or without prejudice. The entanglements leading to the issue prompted the trial judge to comment that although it was of no importance to the decision the activities of counsel were trying the patience of the court.

Indiana Insurance Company, the appellant and counterclaimant below, assigned three items of error. The first assignment claims error in the overruling of Indiana's motion to require Standard to answer interrogatories as to the identity of Standard's employees. Since the subsequent assignments of error are sustained, decisions on earlier skirmishes of counsel were waived by appellant by its voluntary dismissal. For this reason the first assignment is denied.

The two remaining assignments relate to the terminal process and will be discussed together. It appears that Indiana served notice of the voluntary dismissal of its counterclaim *after* an adverse opinion, but *before* the filing of a judgment entry on the motion of plaintiff to dismiss, or in the alternative for a summary judgment on Indiana's counterclaim. Thereafter, a judgment entry was

filed dismissing Indiana's counterclaim on the merits. Indiana asserts in Item 2 that the dismissal by the court on the merits was in error and in Item 3 that the striking of Indiana's earlier voluntary dismissal of its counterclaim was also in error and prejudicial.

Questions are raised as to whether the motion to dismiss was timely filed and whether the decision of the trial court was on the motion to dismiss or on the alternate motion for summary judgment; however, as indicated in discussing the first assignment, the preliminary complaints fell by the wayside upon the filing of a voluntary termination by the appellant.

Was the trial court wrong in striking the appellant's notice of voluntary termination and replacing it with an entry on the decision on the plaintiff's motion which amounted to a judgment on the merits? The answer lies in Civil Rule 41(A)(1) and (C).

The voluntary dismissal was served after the court rendered an adverse opinion on the merits, but before such opinion was journalized. The plaintiff argues that a party cannot avoid the impending *res judicata* effect of a decision by way of a voluntary dismissal before a decision of the court is journalized. Plaintiff also urges that the submission on a motion for summary judgment should be considered the same as the commencement of trial so as to prevent a voluntary dismissal by a party.

Civil Rule 41(A)(1) provides:

"* * * an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time *before the commencement of trial* * * * (Emphasis added.)

Under Fed. R. Civ. P. 41, such dismissal may be made:

"* * * by filing a notice of dismissal at any time *before* service by the adverse party of *an answer or of a motion for summary judgment, whichever first occurs* * * *." (Emphasis added.)

The modification of the federal rule is so obvious that no reference has been found in the staff notes on plaintiff's argument that the court may change the time requirement

for filing a notice of voluntary dismissal from the commencement of the trial to an earlier moment in the proceedings.

We find it helpful to refer to minutes and personal notes of the civil rules committee. The original draft of Rule 41, prepared by a subcommittee, contained the language of the federal rule. Objections were expressed by attorney members to the proposed time limitation upon the right of a claimant to voluntarily dismiss his action without prejudice at least once. The reasons for voluntary dismissals as well as the policy of the courts to encourage terminations were discussed and resulted in the adoption of a time limitation described as "before the case is called for trial," which appears in the committee's working draft released in early 1969. A "call" for trial apparently contained local implications subject to varied interpretations; however, it appears it was intended to mean before voir dire if before a jury. The version approved by the Supreme Court amended the language to "before the commencement of trial."

Early staff correspondence on the first draft pointed out that federal courts like to proceed to trial termination once the action has been filed. Tightening up on voluntary dismissals was discussed, at least to the point of a limitation on the number of such terminations without prejudice. (Staff Letter, October 8, 1968.) Minutes of the meetings of November 21 and 22, 1968, indicate that objections to the federal rule were advanced. Refusal of the court on the day of trial to grant a necessary continuance is the only example reported in the minutes for the use of a voluntary dismissal without prejudice. Other examples resulting from adverse decisions on preliminary matters were mentioned. There was a discussion whether the line for dismissal should be drawn before or after the impaneling of the jury. It was agreed that Rule 41 be reconsidered again at a later date. On December 13, 1968, a revised draft, referring to the time the case is called, was accepted. The change of language to commencement of trial appeared later in the final draft adopted by the Supreme Court.

The language of Civil Rule 41(A)(1) and (C) requires

no construction. It gives either party an absolute right, regardless of motives, to voluntarily terminate its cause of action at any time prior to the actual commencement of the trial. There is no exception in the rule for any possible circumstance that would justify a court in refusing to permit the withdrawal of a cause prior to the commencement of trial. This is the traditional Ohio policy of encouraging voluntary terminations. While such rule may be subject to abuse, as was recognized by the civil rules committee, the only limitation imposed is that a notice of dismissal operates as an adjudication upon the merits when filed by a party who once previously dismissed an action based on the same claim.

The sequence of events which raise the present question are briefly: an adverse decision against appellant on its counterclaim on January 15, 1975; a unilateral voluntary dismissal without prejudice by appellant of its counterclaim on the morning of February 24, 1975; and a judgment entry against the counterclaim and striking the voluntary termination, filed at 3:54 p. m. on February 24, 1975. The judgment entry was on the merits of the counterclaim. The following day the plaintiff unilaterally also dismissed its claim at its costs. There is no question that the counterclaim of the appellant was an independent cause.

The counterclaim was voluntarily dismissed under Rule 41(A)(1) by notice before the judgment entry and before the commencement of trial. Rule 41(C). At that moment, despite the labors of the court and counsel, there was no longer anything before the court on the counterclaim. The subsequent judgment entry finding that the voluntary dismissal was not timely filed was error. Consequently, such judgment on the counterclaim and the order striking the notice of voluntary dismissal of the counterclaim are set aside. The voluntary dismissal of the counterclaim without prejudice is reinstated. Assignments 2 and 3 are sustained.

*Judgment reversed.*

Kerns, P. J., and Sherer, J., concur.