FRAZEE et al., Appellants,

v.

ELLIS BROTHERS, INC. et al., Appellees.

[Cite as *Frazee v. Ellis Bros., Inc.* (1996), 113 Ohio App.3d 828.]

Court of Appeals of Ohio,
Fifth District, Knox County.

No. 95CA000045.

Decided Aug. 22, 1996.

*Michael S. Miller* and *Jeffrey D. Boyd,* for appellants.

*Paul M. Doucher,* for appellees.

GWIN, Judge.

Plaintiffs Kevin P. And Stephanie Frazee appeal a judgment of the Court of Common Pleas of Knox County, Ohio, sustaining the motion of defendant Estate of James R. Legros et al. to dismiss their complaint for personal injury with prejudice. Appellants assign two errors to the trial court:

Assignment of Error No. 1

"The trial court erred to the substantial prejudice of plaintiffs-appellants in entering judgment in favor of the defendant-appellee after plaintiffs-appellants had already voluntarily dismissed their action, pursuant to Civ.R. 41(A), without prejudice."

Assignment of Error No. 2

"The trial court erred to the substantial prejudice of plaintiffs-appellants in dismissing their action, pursuant to Civ.R. 41(B), with prejudice, for failure to prosecute."

The record indicates that appellants filed their complaint on October 7, 1993, and appellees do not dispute that appellants acted with due diligence in prosecuting their claim through the pretrial proceedings. After two delays, the trial court set the case for trial for September 26, 1995, and no party alleges any irregularity in the notice of trial date.

On the morning of September 26, 1995, the trial court assembled a pool of veniremen and prepared to call the case for trial. At 9:00 a.m., the time scheduled for trial, the trial court inquired of the appellants whether they were ready to proceed, and trial counsel advised the court that appellants had not yet arrived. Counsel advised the court that he had contacted his clients on numerous occasions, but on the prior day, September 25, counsel discovered appellants' telephone number was disconnected and appellants no longer lived at the address listed. Counsel went on to detail efforts he had made to contact his clients, and concluded that counsel wished to file a voluntary dismissal without prejudice pursuant to Civ.R. 41(A).

Appellees' counsel then addressed the court and advised it of hardship and stress his clients had been subjected to because of the litigation. Counsel then moved the court to dismiss the case with prejudice for failure to prosecute at the commencement of trial.

The trial court stated on the record that Civ.R. 41(A) permitted a plaintiff to voluntarily dismiss his action prior to the commencement of the trial without leave of court. The court opined that the trial had commenced at 9:00 a.m. when the court, the jury, and the defense were ready to proceed. The court concluded that appellants were not permitted under the rule to voluntarily dismiss their action, and advised counsel that the court would grant the motion to dismiss with prejudice. That same day, September 26, 1995, appellants filed the motion to dismiss without prejudice pursuant to Civ.R. 41(A). The court journalized its dismissal entry on October 10, 1995.

I

■ Appellants argue that the trial court erred in entering judgment in favor of the appellees after appellants had already voluntarily dismissed their action without prejudice. Appellants point out that the trial court's decision was not journalized until October 10, 1995, after the voluntary dismissal was filed on September 26, 1995.

In *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361, the Supreme Court held that once plaintiffs have filed their notice of dismissal, the court is without jurisdiction to modify the dismissal. It is axiomatic that the court speaks only through its journal. We find that appellants' voluntary dismissal, filed on September 26, 1995, divested the trial court of jurisdiction to make any entry on the merits thereafter.

The first assignment of error is sustained.

## II

■ The trial court stated on the record on September 26, that the trial had commenced at 9:00 a.m. that day when the court called the case for trial. The court found that appellants were no longer entitled to voluntarily dismiss their action pursuant to Civ.R. 41(A).

■ In *Std. Oil Co. v. Grice* (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, 345 N.E.2d 458, the Court of Appeals for Darke County discussed the term "commencement of trial." Citing the minutes and personal notes of the Rules Committee in drafting the original version of Civ.R. 41, the court of appeals noted that the committee discussed the adoption of a time limitation described as "before the case is called for trial." That language actually appeared in a working draft in 1969. The Darke County Court of Appeals noted, however, that the version of Civ.R. 41 approved by the Supreme Court amended the language of the rule to "before the commencement of trial." The *Grice* court found that Ohio's policy was traditionally one of encouraging voluntary terminations, even though that policy might be subject to inconvenience or even abuse. We agree, and find that cases should be determined on their merits whenever possible.

■ We find that the trial court was incorrect in its holding the trial had already commenced on this action. We find that a civil trial commences when the jury is empaneled and sworn, or, in a bench trial, at opening statements. The trial court was incorrect in stating that the jury was prepared to proceed, because jury selection had not yet begun.

The second assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN, P.J., and READER, J., concur.