This an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellees' motion for summary judgment. Pursuant to 6th Dist.Loc.App.R. 12(C), wesua sponte, assign this case to the accelerated calendar.
Appellant raises the following sole assignment of error:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED THE APPELLEES' MOTION FOR SUMMARY JUDGMENT AFTER APPELLANT FILED HIS NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO RULE 41(A)(1), OHIO RULES OF CIVIL PROCEDURE."
On November 14, 1994, a truck driver for appellee Triple "S" Transport, Inc. backed into appellant's truck at a loading dock. Appellee CIGNA Property Casualty insured Triple "S" Transport. CIGNA paid for repairs to appellant's truck and for one week of "down time." The record does not reveal when CIGNA paid this money or to whom.
On May 19, 1997, appellant sued both appellees for damages, including "lost wages", because his engine "seized up" on November 14, 1994. Appellant claimed appellee CIGNA breached its contract of insurance and failed to process his claim for insurance.
On March 28, 1998, appellees filed a joint motion for summary judgment. They argued that appellant had nothing more than a third-party claim against the insurer, appellee CIGNA, and that appellant had not brought his claim within the appropriate two-year statute of limitation for bodily or personal injury under R.C. 2305.03. The trial court granted appellant additional time, until April 30, 1998, to respond to the motion for summary judgment.
On May 4, 1998, the court filed its decision granting summary judgment in favor of appellees. The court specifically noted that appellant had not responded to appellees' motion for summary judgment. The judgment entry was time-stamped as filed with the clerk of court's office at 3:08 p.m. on May 4, 1998. The judgment was journalized on May 5, 1998.
On May 5, 1998, at 3:28 p.m., appellant filed "Plaintiffs' (sic) Notice of Dismissal". Civ.R. 41(A) permits a plaintiff to voluntarily dismiss his action without an order of court by filing a notice of dismissal before trial starts. Appellant filed the notice under the authority of Civ.R. 41(A)(1) so that the dismissal was without prejudice. The clerk's office journalized the notice on May 6, 1998, On May 8, 1998, the trial court dismissed appellant's notice as moot.
Appellant claims that because he filed a notice of dismissal "on or about May 3, 1998", the trial court did not have jurisdiction to grant appellees' summary judgment motion on May 4, 1998, which became effective when journalized the following day.
Resolution of this appeal depends upon whether the record shows that appellant filed his notice of dismissal without prejudice under Civ.R. 41(A)(1) before the trial court granted appellees' motion for summary judgment. It does not.
The record contains no documentation that appellant filed his notice of dismissal as early as May 3, 1998. The certificate of service refers to May 4, 1998 as the date appellant served the notice of dismissal to appellees. However, the notice of dismissal is not effective when mailed to the court or served on opposing counsel, but when filed with the trial court. Civ.R. 41(A)(1). A voluntary dismissal is self-executing and does not require notice to opposing counsel before a trial court is deprived of jurisdiction. Andrews v. Sajar Plastics,Inc. (1994), 98 Ohio App.3d 61, 66; Frazee v. Ellis Bros.
(1996), 113 Ohio App.3d 828, 830. No provision permits a notice of dismissal under R.41(A) to be effective upon mailing.Compare Civ.R. 5(E); App. R. 13(A).
The record does not reveal whether the trial court's order granting summary judgment was journalized before or after appellant filed his notice of dismissal. Where the appellant cannot show error because the record is silent, we must presume the regularity of proceedings. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199; Boyd v. Edwards (1982), 4 Ohio App.3d 142,150. Once the clerk of court journalized the trial court's entry granting summary judgment to the appellees, the trial court no longer had jurisdiction over the matter other than to deal with an improperly filed dismissal entry. Logsdonv. Nichols (1995), 72 Ohio St.3d 124, 127. As a result, appellant's notice of dismissal was improperly filed and moot.Id.
Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common. Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. ---------------------------- JUDGE
James R. Sherck, J. ---------------------------- JUDGE
Charles D. Abood, J. CONCUR. ---------------------------- JUDGE
Judge Charles D. Abood, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.