JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Joyce T. Smith, appeals the trial court's approval of Eugene W. Smith Jr.'s judgment entry for divorce. Having reviewed the arguments of the parties and the pertinent law, for the reasons that follow, we uphold the judgment of the trial court and deny the appeal.
 I. {¶ 2} Joyce Smith ("Mrs. Smith") and Eugene Smith ("Mr. Smith") were married on August 24, 1963. Mrs. Smith filed her divorce complaint on May 1, 2000. Third-party defendants who were asset holders were also joined as parties to the divorce action. The contested divorce had been rescheduled and continued several times, and the matter was finally set for trial on February 21 and 22, 2002. On February 21, 2002, the parties reached an agreement and signed a five-page memorandum, which was attached to the judgment entry.
 {¶ 3} On April 9, 2002, the trial court scheduled a dismissal hearing for April 30, 2002 with the provision that, if the judgment entry was not submitted on or before that date, the divorce complaint would be dismissed. On April 30, 2002, Mr. Smith filed his proposed judgment entry. Both parties appeared for the April 30, 2002, hearing; however, the court was unavailable. Counsel for both parties agreed to allow Mrs. Smith to have until May 13, 2002 to file any objections to the proposed judgment entry, which was served upon her counsel on April 30, 2002[1].
 {¶ 4} On May 1, 2002, Mrs. Smith filed a motion for enlargement of time to present objections to the proposed judgment entry and a notice of voluntary dismissal. On May 30, 2002, before the lower court ruled on her motion for enlargement of time, she filed her appeal with this court. On June 5, 2002, her notice of dismissal was denied; however, her motion for enlargement of time to present objections to the proposed judgment entry was granted on that same day. She was granted ten days from the June 5, 2002 entry to file her objections. Because June 15, 2002 fell on a Saturday, the objections were due on or before June 17, 2002. She did not file any objections.
 {¶ 5} On August 6, 2002, the parties agreed with the recommendation of this court's conference attorney that the appeal be remanded for the limited purpose of filing and ruling upon a Civil Rule 60(B) motion. The 60(B) motion had been filed by Mrs. Smith in a timely manner on July 31, 2002. The court's journal entry further stated that the case was to return to the court of appeals by August 30, 2002[2]. As of the present date, the lower court has not yet ruled on the 60(B) motion.
 {¶ 6} It is the May 1, 2002 decree of divorce issued by the lower court that Mrs. Smith is appealing.
 II. {¶ 7} Before examining the appellant's first assignment of error, a brief point about jurisdiction needs to be addressed. More than seven months have passed since August 30, 2002, the date that this case was to return to this court. The lower court has not yet ruled on the 60(B) motion that was timely filed by the appellant on July 31, 2002. Pursuant to the August 6, 2002 journal entry, this case was returnable to the court of appeals on August 30, 2002. This court, therefore, retains jurisdiction. Consequently, the outcome of the 60(B) motion will be treated as a nullity. The lower court does not have jurisdiction at this time.
 {¶ 8} Plaintiff's first assignment of error states that "The trial court erred in journalizing the decree of divorce on May 1, 2002, after appellant filed her Notice of Voluntary Dismissal."
 {¶ 9} Civ.R. 41(A)(1) covers voluntary dismissals and states the following:
 {¶ 10} "(A) Voluntary dismissal: effect thereof.
 {¶ 11} "(1) By plaintiff; by stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 12} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;"
 {¶ 13} A civil trial commences when the jury is empaneled and sworn, or, in a bench trial, at opening statements. Frazee v. EllisBros. (1996), 113 Ohio App.3d 828. On February 21, 2002, opening statements were made at the proceeding. Furthermore, the signed agreement attached to the divorce decree issued by the lower court constitutes the taking of evidence. In addition, both parties state in their briefs that evidence was taken; therefore, for the purposes of Civ.R. 41(A)(1), a bench trial had commenced.
 {¶ 14} The plain language in the general rule of Civ.R. 41(A)(1) states that the plaintiff must file her notice of dismissal before the trial commences.[3] (Emphasis added.)
 {¶ 15} The lower court in this case heard evidence to try the issues of law and fact arising under the provisions of Civ.R. 53, Civ.R. 75(C) and the complaint[4]. The magistrate took evidence regarding the divorce complaint and issued the divorce decree.
 {¶ 16} Civ.R. 53(C) gives a referee clear authority to admit and exclude evidence, to determine the relative weight of the evidence, and to determine which items of evidence are irrelevant and duplicative. ConnConstruction Company v. Ohio Dept. of Transportation (1983),14 Ohio App.3d 90.
 {¶ 17} In this particular case, the parties came to an agreement regarding the divorce decree and then signed a document to that effect[5]. It was then agreed by the parties and the court that this agreement would be finalized and submitted to the court. This finalized agreement would then become the basis for the divorce decree. Indeed, appellant states in her brief that "* * * it is assumed that the Magistrate took evidence and that a divorce would be granted once a journal entry was submitted to the Trial Court, was approved, and thereafter journalized."[6]
 {¶ 18} Furthermore the appellant states in her motion to vacate judgment, filed on July 31, 2002, that "* * * the matter had been previously set for trial on several occasions."[7] (Emphasis added.) In addition to the appellant's comments above, the appellee also states that the February 21, 2002 proceeding was to be a trial.
 {¶ 19} The record in this case demonstrates the following: (1) opening statements were made, (2) evidence was taken, (3) both parties have previously referred to the February 21, 2002 proceeding as a trial, (4) there was a detailed agreement reduced to writing and signed by both parties, (5) the magistrate and the judge both found that the agreement fully and completely divided the parties' assets and liabilities in an appropriate manner, and (6) there was nothing further to be done, in the way of a trial, before the divorce decree was to be journalized.
 {¶ 20} Based on the evidence above, this court finds that the appellant filed her dismissal after the commencement of trial and therefore in violation of the parameters set forth in Civ.R. 41(A)(1)(a). Thus, the plaintiff's first assignment of error is not well taken.
 III. {¶ 21} Appellant's second assignment of error states that "The trial court erred in approving the judgment entry for divorce submitted by appellee's counsel, wherein the trial court did not comply with the provisions of Local Rule 28."
 {¶ 22} Cuyahoga County Domestic Relations Court, Loc.R. 28(B), states:
 {¶ 23} "(B) Preparation by Party or Counsel.
 {¶ 24} "(1) The Court may order or direct either party or counsel to prepare and present for journalization the judgment entry required by subsection (A) of this Rule. When so ordered or directed by the Court, such party or his counsel shall, within 10 days thereafter, unless the time be extended by the Court, prepare a proper judgment entry and submit the same to the opposing party or his counsel. The opposing party or his counsel shall have 3 days in which to approve or reject the judgment entry. In the event of rejection, the opposing party or his counsel shall file with the Court, at the time of such rejection, a written statement of his objections to the judgment entry. This subsection shall not apply to uncontested matters or dissolutions of marriage."
 {¶ 25} On May 1, 2002, the lower court journalized its divorce decree. Appellant filed a motion for enlargement of time on May 1, 2002. In her brief, appellant indicated that opposing counsel had already consented to a ten-day enlargement of time. However, on May 30, 2002, before the lower court had a chance to rule on the appellant's motion for enlargement of time, she filed her appeal with this court. It is unclear why she filed an appeal before the lower court ruled on her motion for enlargement of time to respond to the divorce decree. Furthermore, on June 5, 2002, the lower court actually granted her motion for enlargement of time to present objections to the proposed journal entry, giving her until June 15, 2002 to file her objections to the divorce decree.
 {¶ 26} This court finds that the lower court complied with the requirements of Loc.R. 28. The divorce decree was journalized on May 1, 2002; appellant filed a motion for an extension of time to object on that same day; the lower court granted her motion for an extension on June 5, 2002, giving her until June 15, 2002 to file her objections to the divorce decree. Since the lower court filed its divorce decree on May 1, 2002, and the appellant was given until June 15, 2002 to file her objections, this more than meets the three days allocated in Loc.R. 28(B)(1). Appellant's second assignment of error is without merit.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., AND TIMOTHY E. McMONAGLE, J., CONCUR.
[1] Page two of appellee's brief and page two of appellant's brief both agree that the appellant was permitted until May 13, 2002 to file her objections to the proposed judgment entry filed by the appellee on April 30, 2002.
[2] The lower court's docket and journal entry of August 6, 2002, states: "Journal Entry. COA 81374. Motion 39810. Journal Entry. By agreement of counsel and upon recommendation of the Conf Atty, this appeal is remanded for limited purpose of filing and ruling upon a Civ.R. 60(B) Motion to be filed by July 31, 2002. Case returnable to Court of Appeals by August 30, 2002 * * * OSJ Vol. 3992 Pg. 0447 * * * Notice Issued."
[3] Civ.R. 41(A)(1)(a) states that "filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;" (Emphasis added.)
[4] The May 1, 2002, decree of divorce issued by the lower court stated that this case was heard to "* * * try the issues of law and fact arising herein under the provisions of Rules 53 and 75(C) of the Ohio Rules of Civil Procedure, upon the Complaint of the Plaintiff and the evidence herein."
[5] Exhibit A of the trial court's May 1, 2002 divorce decree was agreed to and signed by both parties at the February 21, 2002 hearing.
[6] See page seven of the appellant's brief filed with this court on December 31, 2002.
[7] See page five, second paragraph, of plaintiff's motion to vacate judgment filed on July 31, 2002.