OPINION
{¶ 1} Elma L. Brenman appeals from a judgment of the Miami County Municipal Court, which granted summary judgment in favor of Rick Reck, d.b.a Reck's Auto Sales ("Reck"), on Brenman's complaint and judgment after trial for Reck on his counterclaim for the cost of automotive repairs he had performed. Brenman had initiated the action against Reck, alleging Consumer Sales Practices Act ("CSPA") violations.
 {¶ 2} Brenman alleged that she had entrusted her 1973 Volkswagen Super Beetle to Reck for repairs in June 1996. Brenman left the state shortly thereafter, having informed Reck that she was not in a hurry for the repairs. Brenman occasionally talked with Reck about the car over the next several years. Brenman did not attempt to reclaim the vehicle until July 2000, when she informed Reck that she would be moving back to Ohio after Labor Day and wanted to have her car. At that time, Reck informed Brenman that he intended to charge her for storage of the vehicle over the last several years. Because the total storage bill was more than the car was worth, Reck suggested that Brenman simply sign the car over to him. She refused to do so.
 {¶ 3} Also in the summer of 2000, Brenman claims to have been told by a third party that her car had been damaged while sitting on Reck's lot. Reck admitted that the car had been hit but still demanded payment for storage. Reck also told Brenman that he had collected $1,000 from the insurance company of the driver who had hit the car, but that he had not repaired the damage because Brenman had owed Reck more than $1,000 for storage.
 {¶ 4} In October 2000, Brenman filed a complaint against Reck in small claims court alleging various CSPA violations. Reck filed a counterclaim demanding payment for goods and services, including storage, and, on his motion, the case was transferred to the regular division of the Miami County Municipal Court. Brenman subsequently amended her complaint to include a claim against "John Doe, Unknown Insurance Company," later identified as Farmland Insurance Co. ("Farmland"), for the negligent payment of insurance proceeds to a wrongful recipient. The matter was referred to a magistrate.
 {¶ 5} On July 2, 2001, Farmland filed a motion to dismiss for failure to state a claim. On September 18, 2001, Reck filed a motion for summary judgment on statute of limitations grounds. Brenman then attempted to voluntarily dismiss her case on October 1, 2001, by filing a Civ.R. 41(A) notice of dismissal, which she erroneously styled as a stipulation of dismissal. The clerk of courts subsequently refused to give effect to her filing because she had failed to pay court costs, which is a prerequisite to dismissal under the local rules. On October 5, Brenman received notice, by ordinary mail, that her notice of dismissal had been ineffective. The clerk had crossed off the file stamp on the notice of dismissal and returned it to Brenman's counsel with an explanation that the complaint could not be dismissed without payment of court costs. By this time, the deadline for filing a response to Reck's motion for summary judgment had passed. On October 10, 2001, Brenman requested an extension of time in which to respond to the motion for summary judgment. On October 11, the magistrate filed a decision and entry granting Reck's motion for summary judgment without addressing Brenman's request for an extension. On October 25, the magistrate filed a decision and entry granting Farmland's motion to dismiss.
 {¶ 6} Brenman filed timely objections to the magistrate's decisions, but the trial court affirmed the magistrate's rulings on September 16, 2002.
 {¶ 7} Brenman raises four assignments of error on appeal.
1. "The court erred in upholding the magistrate's recommendation which granted summary judgment to defendant, rick reck, dba reck's auto sales, after Plaintiff's counsel had filed a rule 41 dismissal."
 {¶ 8} Brenman claims that summary judgment should not have been granted because the trial court had "actual knowledge" that she had attempted to dismiss her claim and because the clerk of courts had "illegally stricken" the filing of her notice of dismissal.
 {¶ 9} Miami County Municipal Court Loc. R. 15.1 provides, in pertinent part: "No case shall be dismissed by the Parties, nor shall any Satisfaction of Judgment Entry be filed unless all Court Costs are paid." It is undisputed that Brenman filed her notice of voluntary dismissal without paying outstanding court costs. Brenman asserts that the court should have acted as if it had been properly filed, even though it was not, because the court had "actual knowledge" of the filing. She cites no authority for this proposition, and we are aware of none.
 {¶ 10} The trial court was not required to treat Brenman's complaint as dismissed, when in fact it was not. This is not to say that Brenman's belief that the case was dismissed was not something for the trial court to consider in exercising its discretion to allow or not allow Brenman additional time to respond to Reck's motion for summary judgment. Counsel is, however, charged with the responsibility of knowing, and abiding by, the local rules of court where he or she represents a client. The trial court is not required to ignore its rules to accommodate a party who, personally or by counsel, has done so.
 {¶ 11} Brenman also claims that the clerk should have informed her of the need to pay costs when the notice was delivered for filing and that the clerk's subsequent refusal to effectuate the filing without payment was "illegal." We disagree. As stated above, Brenman's attorney had a responsibility to know the rules of the court in which she was practicing. Moreover, although the clerk apparently did accept the filing initially, the clerk promptly notified Brenman's attorney that payment of costs was a prerequisite to an effective dismissal. The attorney received this notice several days before summary judgment was entered. It is unclear why she did not rectify the situation at that time.
 {¶ 12} Brenman further argues that court personnel "attempted to graft a provision into Rule 41 [Civ.R. 41] which does not exist" by requiring a party to pay court costs prior to dismissal. She correctly observes that Civ.R. 41 does not address costs. However, Civ.R. 83 permits a court to adopt local rules of practice so long as they are not inconsistent with the civil rules or other rules promulgated by the supreme court. R.C.1901.26 permits municipal court clerks to charge costs for each new civil action and to establish, by rule, a schedule of fees and costs to be taxed in any civil or criminal action or proceeding. In our view, the requirement that court costs be paid prior to dismissal is not inconsistent with Civ.R. 41. In fact, it is probably a very effective way to collect these funds. We also note that the cases cited by Brenman involved the effect of a properly filed notice of dismissal, and thus have no relevance to this case. See, e.g., Standard Oil Co. v. Grice (1975),46 Ohio App.2d 97, 345 N.E.2d 458.
 {¶ 13} Finally, Brenman's attorney states that "[i]t is necessary for this Court to fashion a ruling which would give Elma L. Brenman time to refile her action" because she did not refile her complaint within one year of the attempted dismissal. In other words, Brenman wants us to find that her attempted dismissal was effective, and then to exempt her from the savings statute, R.C. 2305.19, which would have required refiling within one year of the voluntary dismissal.
 {¶ 14} We need not do this. Brenman's complaint was not dismissed. The only question is whether the trial court abused its discretion in refusing Brenman additional time to respond to Reck's motion for summary judgment. This question is addressed in our discussion and disposition of the second assignment. Were we to decide the trial court abused its discretion, the summary judgment for Reck on the complaint would be reversed and the matter would be remanded for redetermination of the motion for summary judgment after response from Brenman.
 {¶ 15} The first assignment of error is overruled.
 {¶ 16} "The court erred in upholding the magistrate's recommendation to grant the defendant-appellee's motion for summary judgment without ruling upon the plaintiff-appellant's motion for extension of time to file a memorandum in opposition."
 {¶ 17} Brenman claims that the magistrate erred in failing to address her motion for an extension of time to respond to Reck's motion for summary judgment. This failure was the subject of an objection to the trial court. By not addressing it, the magistrate implicitly overruled the motion. Denham v. NewCarlisle (2000), 138 Ohio App.3d 439, 442, 741 N.E.2d 587.
 {¶ 18} Brenman asserts that her attorney believed in good faith that the case had been dismissed and that she therefore did not realize that a memorandum in opposition to the motion for summary judgment was necessary until after the deadline for such a memorandum had passed. She claims that the trial court abused its discretion in not providing her with an opportunity to file a memorandum in opposition, noting that the court had "actual knowledge" of the attempt to dismiss.
 {¶ 19} The magistrate's refusal to grant an extension created a harsh result for Brenman when she believed that she had properly filed her notice of dismissal. Nevertheless, we have stated that the attorney was responsible for knowledge of the court rules regarding costs and that requiring the payment of costs prior to dismissal is a very effective way of collecting those costs. However, we believe that the clerk's practice of accepting a notice of dismissal, file stamping it in the presence of a party's agent, and then notifying the party of its rejection by mail several days later is a trap for the unwary, especially where, as here, a deadline has passed in the interim. Had it been up to us in the first instance, we would have granted the extension.
 {¶ 20} That said, we must review the trial court's decision for an abuse of discretion. An abuse of discretion involves more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. In reJane Doe I (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its own judgment on factual or discretionary issues for that of the trial court.Buckles v. Buckles (1988), 46 Ohio App.3d 102, 110,546 N.E.2d 950. It is within the trial court's discretion whether to grant an extension of time. Provident Bank v. Hartman (May 24, 2001), Cuyahoga App. No. 78292; Civ.R. 6(B).
 {¶ 21} Miami County Loc.R. 8.3 provides that a party has fourteen days in which to respond to a motion for summary judgment. Brenman did not file a response or a request for an extension within those fourteen days. The trial court observed that, between the time when Brenman became aware of the failure of her notice of dismissal and the time of the trial court's judgment, she had not attempted to correct the problem with the notice of dismissal "nor did she schedule a time to talk with the Court regarding these concerns. The Court can hardly be sympathetic to counsel for Plaintiff under these circumstances." Moreover, as stated supra, the court is not bound by its alleged "actual notice" of Brenman's attempt to dismiss the case. Although we would have decided the issue differently, we cannot find that the trial court's strict enforcement of the rules constituted an abuse of discretion.
 {¶ 22} The second assignment of error is overruled.
 {¶ 23} We will address the third and fourth assignments of error together.
 {¶ 24} "The magistrate erred in recommending that the court grant judgment to the defendant on defendant's counterclaim against the plaintiff, and the court erred in sustaining that recommendation and granting judgment against plaintiff-appellant and in favor of defendant-appellee."
 {¶ 25} "The court erred in subtracting the amount of the judgment rendered against plaintiff-appellant from monies which defendant-appellee obtained as a result of fraud, and in permitting the defendant-appellee to retain the balance of the illegally-gotten funds which he received as a result of fraud."
 {¶ 26} Under her third assignment of error, Brenman claims that the trial court erred in awarding Reck $350 in damages on his counterclaim. However, in the testimony at trial, Brenman admitted that Reck had estimated the cost of repairs to her vehicle at $250-500 and that she had had no problem with Reck's final charge of $350. Reck testified that he had put new struts on the front of the vehicle and replaced the bushings, and Brenman did not contest these facts. Reck also testified that part of the charge was for getting the car back in operating condition after it had sat on his lot for an extended period. Thus, the trial court did not err in awarding $350 for Reck's repairs. We further note that, although Reck was awarded $350, the $350 was to be covered by the $1,000 in insurance proceeds; Brenman was not required to pay Reck $350.
 {¶ 27} Brenman spent a considerable amount of time at the hearing and in her brief discussing facts that, if proven, would have established CSPA violations and facts related to the imposition of storage charges. However, the alleged CSPA violations were not properly at issue at the hearing on Reck's counterclaim, as Reck had already been granted summary judgment on those claims. Moreover, the court did not award any damages to Reck reflecting storage charges.
 {¶ 28} Under the third and fourth assignments of error, Brenman takes issue with the fact that Reck was allowed to keep the insurance proceeds that he had "fraudulently received" from Farmland. In her complaint, however, Brenman did not seek to recover the insurance proceeds from Reck. Rather, she directed her claim for these funds to the insurance company, which she said had negligently paid the proceeds to Reck, who was not the owner of the damaged vehicle. Brenman's claim against Farmland was dismissed, and Brenman did not appeal from that decision. Thus, the trial court did not err in failing to order Reck to pay the balance of those proceeds to Brenman.
 {¶ 29} The third and fourth assignments of error are overruled.
 {¶ 30} The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.