OPINION
{¶ 1} Plaintiff-appellant, Nawaz Ahmed, appeals a decision of the Belmont County Common Pleas Court dismissing his claim for legal malpractice.
 {¶ 2} Early in 1999, appellant's wife, Dr. Lubaina Ahmed (Lubaina), filed for divorce and sought custody of their two children. During the pendency of that case, appellant murdered Lubaina, her father, Abdul, and her sister and niece, Ruhie and Nasira, on September 11, 1999. The domestic case was subsequently terminated in December, 1999 and appellant was convicted of the four murders in February 2001, and sentenced to death.
 {¶ 3} On February 25, 2003, appellant filed suit against numerous Belmont County individuals and officials variously involved with appellant's domestic and criminal cases.[1] Appellant sued defendant-appellee, Attorney Eric Costine (Costine), for claims sounding in legal malpractice. Costine represented appellant in his domestic case for a period of time and preliminarily represented appellant in the criminal case, but withdrew early on.
 {¶ 4} Costine filed a motion to dismiss on June 27, 2003. The trial court treated Costine's motion as a motion for judgment on the pleadings and subsequently dismissed appellant's claims against Costine and defendant Attorney Grace Hoffman (Hoffman) on September 3, 2003. On September 17, 2003, appellant filed a "Notice of Voluntary Dismissal of Case and all claims as to all defendants."
 {¶ 5} On September 30, 2003, appellant filed what he styled as a provisional notice of appeal from any order entered with respect to Costine and Hoffman, specifically arguing that he had voluntarily dismissed his complaint against Hoffman on August 5, 2003, and the trial court therefore lacked jurisdiction to act on the motion she filed.
 {¶ 6} On October 15, 2003, this Court determined that this appeal would be limited to a review of the September 3, 2003 judgment. This Court concluded that the order appealed (i.e., the September 3, 2003 judgment) was entered prior to appellant voluntarily dismissing his case and, therefore, subject to review.
 {¶ 7} Since this matter arises out of the granting of a motion for judgment on the pleadings under Civ.R. 12(C), this Court conducts a de novo review of all legal issues without deference to the determination of the trial court. Flanagan v. Williams (1993), 87 Ohio App.3d 768, 772,623 N.E.2d 185. "A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law. Compton v. 7-Up BottlingCo./Brooks Beverage Mgt. (1997), 119 Ohio App.3d 490, 492,695 N.E.2d 818, 819-820. Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint. Peterson v. Teodosio (1973),34 Ohio St.2d 161, 165, 63 O.O.2d 262, 264, 297 N.E.2d 113, 116-117. Dismissal is appropriate under Civ.R. 12(C) where, construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. State ex rel. Midwest Pride IV,Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936."Fontbank, Inc. v. CompuServe, Inc. (2000), 138 Ohio App.3d 801, 807,742 N.E.2d 674.
 {¶ 8} Appellant raises two assignments of error. Since appellant's second assignment of error raises a jurisdictional issue, it will be addressed first. It states:
 {¶ 9} "Trial court lacked patent and subject matter jurisdiction and violated jurisprudence of Civ.R. 41(A)(1)(a) when court granted summary judgment to def. Grace Hoffman on 9/3/03 after all claims against her dismissed on 8/5/03, thus judgment is an error."
 {¶ 10} Appellant filed a voluntary dismissal regarding Hoffman on August 5, 2003. Appellant attempts to argue that since Hoffman was voluntarily dismissed before the trial court entered judgment on the pleadings in favor of both Costine and Hoffman, Hoffman, the trial court was without jurisdiction to enter that September 3, 2003 judgment.
 {¶ 11} Appellant's argument misses two important points. First, assuming the validity of appellant's August 5, 2003 voluntary dismissal of Hoffman, that filing potentially only affected Hoffman. The notice did not include Costine and he was never served with the notice of the dismissal. Therefore, the trial court arguably retained jurisdiction over appellant's claims against Costine and the September 3, 2003 judgment can be read as only affecting Costine.
 {¶ 12} Second, on September 17, 2003, two weeks after the September 3, 2003 judgment dismissing all of appellant's claims against Costine, appellant attempted to retroactively amend his voluntary dismissal to include other defendants, including Costine. A plaintiff may voluntarily dismiss their claims once without prejudice pursuant to Civ.R. 41(A). "The language of Civil Rule 41(A)(1) and (C) requires no construction. It gives either party an absolute right, regardless of motives, to voluntarily terminate its cause of action at any time prior to the actual commencement of the trial." Standard Oil Co. v. Grice (1975),46 Ohio App.2d 97, 100-101, 75 O.O.2d 81, 345 N.E.2d 458. Notably, in Standard Oil Co., the notice of dismissal was filed after the trial court rendered an adverse judgment, but before such judgment was journalized. In this case, appellant's September 17, 2003 filing was clearly after the September 3, 2003 judgment was journalized.
 {¶ 13} In sum, appellant failed to enter a voluntary dismissal of his claims against Costine in a timely manner. Thus, the trial court's September 3, 2003 judgment operated as an adjudication on the merits as to Costine. However, the trial court's September 3, 2003 judgment did not operate as an adjudication on the merits as to Hoffman since appellant voluntarily dismissed Hoffman prior to September 3, 2003.[2]
 {¶ 14} Accordingly, appellant's second assignment of error is without merit as to Costine and with merit as to Hoffman.
 {¶ 15} Appellant's first assignment of error, which goes to the substance of his claims against Costine, states:
 {¶ 16} "Trial Court failed to follow the law and ignoed [sic] exceptions and tolling provisions stated in the complaint, Affidavit and Exihibits [sic] and later Answer, to toll the statute of limitations, thus prejudiced Plaintiff-Appellant by wrongful dismissal of claims against Eric Costine, and for failure to dismiss the case, and the defense of statute of limitation was not preserved or timely preserved by def. Costine."
 {¶ 17} Appellant alleges that Costine committed malpractice in his representation of him in both his domestic and criminal cases.
 {¶ 18} R.C. 2305.11 sets forth a one year statute of limitations for legal malpractice claims, unless the statute is tolled for other reasons. "It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice." Muir v.Hadler Real Estate Management Co. (1982), 4 Ohio App.3d 89, 90, 4 OBR 170, 446 N.E.2d 820.
 {¶ 19} Here, Costine represented appellant in two separate cases — one domestic, one criminal. In the domestic case, Lubaina Bhatti (Ahmed) v.Nawaz I. Ahmed (Belmont County Common Pleas Case No. 99 DR 0040), Costine's representation of appellant ended in December 1999 at the latest. In the criminal case, State v. Ahmed (Belmont County Case No. 99 CR 0192), Costine's representation of appellant ended in May 2000. Appellant filed this current suit against Costine on February 25, 2003. Therefore, appellant failed to file his suit within the applicable one year statute of limitations.
 {¶ 20} Appellant argues that the statute of limitations has been tolled by the discovery rule.
 {¶ 21} "[U]nder R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later."Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, 58,538 N.E.2d 398.
 {¶ 22} Appellant claims that he was never notified that Costine's representation of him had ended. However, it is clear from the record that appellant had to have known that Costine's representation of him had ended. In the criminal case, Costine's motion to withdraw was granted and the appearance of successor counsel should have made it clear to appellant that the attorney-client relationship was over. Additionally, any alleged injury that resulted from Costine's representation of appellant in the domestic case would have been discovered in December 1999 when that case was terminated due to Lubaina's murder at the hands of appellant.
 {¶ 23} In sum, appellant did not file his suit within the applicable statute of limitations and failed to establish a reason why the statute should have been tolled.
 {¶ 24} Accordingly, appellant's first assignment of error is without merit.
 {¶ 25} The judgment of the trial court is hereby affirmed in part and reversed in part. The judgment of the trial court is valid and continues to stand as to Costine and is hereby set aside as to Hoffman.
Vukovich, J., concurs.
Waite, J., concurs.
[1] As with all of the proceedings below, appellant continues to proceed pro se in the pursuit of this appeal.
[2] Appellant also filed for a writ of prohibition in the Ohio Supreme Court against this Court trying to prevent it from hearing this appeal. Appellant advanced similar jurisdictional arguments contending that this Court lacked jurisdiction over this appeal. The Ohio Supreme Court dismissed that cause. State ex rel. Ahmed v. Court of Appeals, SeventhAppellate Dist., 101 Ohio St.3d 1417, 2004-Ohio-123, 802 N.E.2d 150, reconsideration denied 101 Ohio St.3d 1492, 2004-Ohio-1293,805 N.E.2d 541.