OPINION
{¶ 1} Plaintiff-Appellant Great Seneca Financial Corp. appeals the trial court's denial of its notice of voluntary dismissal without prejudice.
 {¶ 2} Defendant-Appellee Brian A. Emler has not filed a brief in this appeal.
 {¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} On March 4, 2005, Plaintiff-Appellant Great Seneca Financial Corporation (Great Seneca), as assignee of Unifund CCR Partners, as assignee of Bank One, Delaware, NA fka First USA Bank, filed a Complaint for Money against Defendant-Appellee Brian A. Emler in the Mount Vernon Municipal Court. In said Complaint, Great Seneca sought money owed on a credit card account, in the amount of $4,029.66, plus interest and costs.
 {¶ 7} On April 7, 2005, Defendant-Appellee filed an Answer to said Complaint, denying the allegations contained therein based on lack of knowledge.
 {¶ 8} On June 3, 2005, a pre-trial hearing was held. Both parties and their counsel appeared at said hearing. A settlement offer was made at this time.
 {¶ 9} The trial court set a trial date for July 20, 2005, at 1:15 p.m.
 {¶ 10} On July 11, 2005, defendant-appellee rejected plaintiff-appellant's offer of settlement and informed plaintiff-appellant that he would be filing bankruptcy.
 {¶ 11} On July 20, 2005, the day of trial, counsel for Great Seneca appeared but no one appeared on behalf of defendant-appellee.
 {¶ 12} Counsel for Great Seneca orally moved the trial court for a continuance and/or leave to file a motion for summary judgment. The trial court denied such motions. Appellant further moved the trial court for an opportunity to file a voluntary dismissal of the action without prejudice pursuant to Civ.R. 41(A). The trial court found that the trial in this matter had already commenced for purposes of Civ.R. 41(A)(1) and denied same.
 {¶ 13} Based on the foregoing, the trial court, finding Plaintiff-Appellant not ready to proceed with the trial and having no evidence to establish its case, entered judgment in favor of Defendant-Appellee.
 {¶ 14} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 15} "I. DID THE TRIAL COURT ERR AS A MATER OF LAW WHEN IT DETERMINED THAT THE TRIAL HAD COMMENCED FOR PURPOSES OF RULE 41(A)(1) OF THE OHIO RULES OF CIVIL PROCEDURE AND ABUSE ITS DISCRETION WHEN IT DENIED PLAINTIFF ITS RIGHT TO FILE A NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PRIOR TO TRIAL PURSUANT TO THAT RULE?
 {¶ 16} "II. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT DENIED PLAINTIFF'S ORAL MOTION TO DISMISS ITS CASE WITHOUT PREJUDICE PURSUANT TO RULE 41(A)(2) OF THE OHIO RULES OF CIVIL PROCEDURE PRIOR TO THE COMMENCEMENT OF TRIAL?
 I. {¶ 17} Appellant argues that the trial court erred and abused its discretion in finding that the trial had commenced and not allowing it to voluntarily dismiss its case pursuant to Civ.R. 41(A)(1). We agree.
 {¶ 18} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 19} Civ.R. 41 controls when a plaintiff may voluntarily dismiss its complaint, and states in pertinent part:
 {¶ 20} "(A) Voluntary dismissal: effect thereof
 {¶ 21} "(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 22} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
 {¶ 23} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
 {¶ 24} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.
 {¶ 25} "(2) By order of court. Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.
 {¶ 26} In the case sub judice, the trial court stated on the record on July 20, 2005, that the trial had commenced at 1:15 p.m. that day when the court called the case for trial. The court found that appellant was no longer entitled to voluntarily dismiss its action pursuant to Civ.R. 41(A). (T. at 3).
 {¶ 27} This Court previously considered the issue of when a trial commences for purposes of Civ.R. 41(A) in Frazee v. Ellis Brothers, Inc.
(1996), 113 Ohio App.3d 828. In Frazee, the trial court held that for purposes of Civ.R.41(A), the trial had commenced at 9:00 a.m. that day when the court called the case for trial and therefore appellants were no longer entitled to voluntarily dismiss their action.
 {¶ 28} In Frazee, this Court held:
 {¶ 29} "In Std. Oil Co. v. Grice (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, 345 N.E.2d 458, the Court of Appeals for Darke County discussed the term "commencement of trial." Citing the minutes and personal notes of the Rules Committee in drafting the original version of Civ.R. 41, the court of appeals noted that the committee discussed the adoption of a time limitation described as "before the case is called for trial." That language actually appeared in a working draft in 1969. The Darke County Court of Appeals noted, however, that the version of Civ.R. 41 approved by the Supreme Court amended the language of the rule to "before the commencement of trial." The Grice court found that Ohio's policy was traditionally one of encouraging voluntary terminations, even though that policy might be subject to inconvenience or even abuse. We agree, and find that cases should be determined on their merits whenever possible.
 {¶ 30} "We find that the trial court was incorrect in its holding the trial had already commenced on this action. We find that a civil trial commences when the jury is empaneled and sworn, or, in a bench trial, at opening statements. The trial court was incorrect in stating that the jury was prepared to proceed, because jury selection had not yet begun."
 {¶ 31} Based on the foregoing, we find that the trial in this matter had not commenced as no opening statements had been presented. The trial court therefore erred in denying Appellant the opportunity to file its voluntary notice of dismissal.
 {¶ 32} Appellant's first assignment of error is sustained.
 II. {¶ 33} In its second assignment of error, Appellant argues that the trial court erred in denying its oral motion to dismiss.
 {¶ 34} Based on our disposition of the First Assignment of Error, we find this assignment of error moot.
 {¶ 35} The decision of the Knox County Court of Common Pleas is reversed and remanded to the trial court for proceeding consistent with this opinion.
Boggins, P.J. and Gwin, J., concur.
Hoffman, J., dissents.