[Cite as *Whaley v. Schaffner Law Offices, L.P.A.*, 2017-Ohio-7698.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DIANA L. WHALEY, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 BE 0056 |
| V. | ) | |
| | ) | OPINION |
| SCHAFFNER LAW OFFICES, L.P.A., | ) | |
| DAVID K. SCHAFFNER, | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                             Pleas of Belmont County, Ohio
                             Case No. 13 CV 316

JUDGMENT:                    Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee        Attorney Michael Shaheen
                             Attorney Alaire Mancz
                             128 South Marietta Street
                             P.O. Box 579
                             St. Clairsville, Ohio 43950

For Defendants-Appellants     Attorney David Shaffner
                             132 Fair Avenue, N.W.
                             New Philadelphia, Ohio 44663

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                             Dated: September 15, 2017

DONOFRIO, J.

{¶1} Defendants-appellants, Schaffner Law Offices LPA, David Schaffner, and the heirs of Charles Grimm, Verna Grimm, Bessie Cook, and Wylie Cook, appeal from a Belmont County Common Pleas Court judgment sustaining the motion for judgment on the pleadings filed by plaintiff-appellee, Diana Whaley, on her complaint to quiet title on a certain oil and gas interest.

{¶2} Appellee owns approximately 8.8738 acres of land in Belmont County (the Property), which she acquired with her late husband by deed dated October 14, 1976.

{¶3} In a deed dated August 17, 1940 and filed February 5, 1944, conveying the Property as part of a larger tract of land, grantor Anna Carpenter conveyed a one-half interest in the oil and gas underlying the property in tracts one though six to Charles Grimm. Carpenter reserved all of the oil and gas underlying tract eight.

{¶4} Carpenter conveyed the surface to Bessie Cook by deed recorded February 10, 1944, reserving a one-half interest in the oil and gas underlying tract one through six to Charles Grimm. Carpenter again reserved all of the oil and gas underlying tract eight.

{¶5} On May 9, 2013, appellee served by publication a notice of abandonment of the oil and gas interest underlying the Property pursuant to the 2006 version of the Ohio Dormant Mineral Act (ODMA). On June 17, 2013, appellee filed an affidavit of abandonment with the Belmont County Recorder.

{¶6} On July 8, 2013, appellants filed a notice to preserve the mineral interest.

{¶7} On August 29, 2013, appellee filed a complaint alleging that the oil and gas rights previously held by Grimm and Carpenter were abandoned and vested in the surface owner (appellee) as of March 22, 1992, pursuant to the 1989 version of the ODMA. The complaint further alleged that appellee served Grimm's and Carpenter's heirs and successors with a notice of abandonment by publication pursuant to the 2006 ODMA. It further alleged that appellee filed a notice of abandonment and that there were no valid claims properly filed from May 9, though

July 9, 2013. It asserted the claims filed by appellants were not valid for various reasons. Therefore, the complaint alleged that oil and gas vested with the surface holder by way of either or both the 1989 ODMA and the 2006 ODMA.

{¶8} In their answer, among other defenses, appellants argued appellee's claim was barred because they filed a timely claim to preserve within 60 days of the notice of abandonment pursuant to the 2006 ODMA.

{¶9} Appellee next filed a motion for judgment on the pleadings asserting there were no questions of fact for the court to decide and she was entitled to judgment. Appellee argued that she prevailed under both the 1989 ODMA and the 2006 ODMA.

{¶10} Appellants filed a response in opposition. They too made arguments under both the 1989 ODMA and the 2006 ODMA.

{¶11} The trial court granted appellee's motion and entered judgment in her favor. In so doing, the trial court applied the 1989 ODMA. It found that by operation of the 1989 ODMA, the oil and gas interest automatically vested in appellee (the surface owner) on March 23, 1992. Therefore, the court quieted title in the oil and gas interest in appellee's name.

{¶12} Appellants filed a timely notice of appeal on December 15, 2014. The matter was stayed pending the Ohio Supreme Court's decisions in several oil and gas cases. We returned this case to the active docket on October 11, 2016, as it is now ready for review.

{¶13} Appellants raise two assignments of error. Appellants' two assignments of error share the same argument. Therefore, we will address them together.

{¶14} Appellants' first and second assignments of error respectively state:

THE TRIAL COURT ERRED IN APPLYING THE 1989 VERSION OF THE OHIO DORMANT MINERAL ACT TO THE SUBJECT CASE.

THE TRIAL COURT ERRED IN DETERMINING THAT THE 1989 DORMANT MINERAL ACT "AUTOMATICALLY" VESTED THE

MINERAL INTERESTS IN THE SURFACE OWNERS.

{¶15} Appellants contend now that it is clear that the 2006 ODMA applies to all claims asserted after June 30, 2006, appellee was required to follow the procedures set forth in the 2006 ODMA. Appellants assert that, pursuant to R.C. 5301.56, appellee published her notice of abandonment on May 9, 2013. Therefore, they claim they had 60 days to file a claim to preserve or an affidavit identifying a savings event. Appellants assert they filed a claim to preserve on July 8, 2013, the 60th day. Therefore, appellants assert, they filed a timely claim to preserve their mineral interest. Accordingly, appellants urge us to reverse the trial court's judgment and quiet title in the subject mineral interest in favor of one of the appellants.

{¶16} A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law. *Ahmed v. Sargus*, 7th Dist. No. 03-BE-63, 2005-Ohio-2382, ¶ 7. Therefore, this court conducts a de novo review. *Id.*

{¶17} Pursuant to Civ.R. 12(C), a party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. Such a motion has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592, 635 N.E.2d 26 (1994). In ruling on a Civ.R. 12(C) motion, the court may grant judgment on the pleadings where no material factual issue exists and the moving party is entitled to judgment as a matter of law. *Id.* at 592-593.

{¶18} Recently, in *Corban v. Chesapeake Expl., L.L.C.*, 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089, ¶ 26-28, the Ohio Supreme Court held that the 1989 ODMA was not self-executing and did not automatically transfer a mineral rights interest from the mineral rights holder to the surface owner by operation of law. Instead, a surface owner seeking to merge those rights with the surface estate under the 1989 ODMA was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned. *Id.* at ¶ 28.

{¶19} The 2006 ODMA provides that a dormant mineral interest "shall be deemed abandoned and vested in the owner of the surface of the lands subject to

the interest if the requirements established in division (E) of this section are satisfied." *Id.* at ¶ 29; R.C. 5301.56(B). The Court went on to hold:

> Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 31.

**{¶20}** The Ohio Supreme Court reiterated its holding stating "the 2006 version of the Dormant Mineral Act applies to all claims asserted after 2006 alleging that the rights to oil, gas, and other minerals automatically vested in the owner of the surface estate prior to the 2006 amendments." *Walker v. Shondrick-Nau*, 149 Ohio St.3d 282, 2016-Ohio-5793, 74 N.E.3d 427, ¶ 16, citing *Corban* at ¶ 2.

**{¶21}** In this case, appellee filed the instant lawsuit in 2013, long after the 2006 ODMA was enacted. Pursuant to *Corban*, the trial court should not have applied 1989 ODMA. Per *Corban*, the 1989 ODMA was not self-executing.

**{¶22}** The parties agree and the law is now clear that the 2006 ODMA applies to this case. The only question here surrounds the remedy. Appellants urge we should reverse the trial court's judgment and enter judgment in their favor. Appellee, on the other hand, asserts we must remand the matter for the trial court to apply the 2006 ODMA.

**{¶23}** In *Taylor v. Crosby*, 7th Dist. No. 13 BE 32, 2014-Ohio-4433, as in the case at bar, the trial court granted judgment based on the 1989 ODMA and never addressed the application of the 2006 ODMA. We reversed the trial court's judgment and remanded the matter for the trial court to address the parties' arguments

regarding the 2006 ODMA. The Ohio Supreme Court affirmed this court's decision stating that our judgment was affirmed on the authority of *Corban* and *Walker v. Shondrick-Nau*, and the matter was remanded to the trial court for a determination regarding compliance with the 2006 ODMA. *Taylor v. Crosby*, __ Ohio St.3d __, 2016-Ohio-5820, __ N.E.3d __, ¶ 1.

**{¶24}** Likewise we will reverse and remand this case. The trial court based its decision entirely on the 1989 ODMA. It never addressed the issues regarding the 2006 ODMA, such as whether proper notice was given or whether a claim to preserve was properly filed. Moreover, the trial court did not have sufficient evidence to enter a judgment on the pleadings regarding the application of the 2006 ODMA.

**{¶25}** Accordingly, appellants' first and second assignments of error have merit and are sustained.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby reversed and remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs.

DeGenaro, J., concurs.