[Cite as *Pelletier v. Mercy Health Youngstown, L.L.C.*, 2024-Ohio-2131.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

LESLIE PELLETIER,

Plaintiff-Appellant,

v.

MERCY HEALTH YOUNGSTOWN, LLC ET AL.

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0110**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CV 1822

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in Part, Reversed in Part, and Remanded.

---

*Atty. Ryan J. Melewski*, Rafidi, Pallante & Melewski, LLC, and *Atty. Norman A. Moses*, for Plaintiff-Appellant and

*Atty. Holly Marie Wilson* and *Atty. Brianna M. Prislipsky*, Reminger Co., L.P.A., for Defendants-Appellees.

Dated: June 4, 2024

**HANNI, J.**

{¶1} Plaintiff-Appellant, Leslie Pelletier (Pelletier), Administratrix for the Estate of Paulette Sitnic, appeals from a Mahoning County Common Pleas Court judgment finding that Pelletier's wrongful death and survival claims are barred by the statute of repose for medical claims.

{¶2} On August 17, 2016, the decedent, Paulette Sitnic (Sitnic), was admitted to St. Elizabeth's Hospital, a facility operated by Mercy Health Youngstown, LLC (Mercy Health). Before Sitnic could be discharged, she required a tunneled catheter to be inserted for later dialysis treatment. Dr. Jason Delatore and Dr. Rachel Juchnowski (Doctors) attempted to insert the tunneled catheter into Sitnic's vein. The catheter insertion was attempted without the use of live fluoroscopy to display the position of the catheter in relation to the vein it was being inserted into, despite use of live fluoroscopy being standard practice. Alternatives to live fluoroscopy were not employed. The insertion failed and Sitnic began to bleed internally. A trauma surgery team was called, but was unable to stop the bleeding. On August 25, 2016, Sitnic died.

{¶3} Pelletier filed a complaint against Mercy Health and the Doctors (together, Appellees) on August 25, 2017, consisting of two claims: a survivorship claim under R.C. 2305.113, and a wrongful death claim under R.C. 2125.01. The complaint was voluntarily dismissed on November 13, 2019 and re-filed on November 10, 2020, four years and 78 days from the date of Sitnic's death.

{¶4} Appellees filed a Motion for Judgment on the Pleadings asking the trial court to dismiss the complaint pursuant to Civ.R. 12(C) and R.C. 2305.113(C), Ohio's statute of repose for medical claims. They alleged Pelletier's claims were re-filed more than four years after the underlying negligent act and thus were time barred under the statute of repose.

{¶5} On November 5, 2021, the trial court granted Appellees' Motion for Judgment on the Pleadings, holding that both the wrongful death and survivorship claims were medical claims. The court then held that both claims were barred by the statute of repose in R.C. 2305.113(C), which precludes any legal action to begin more than four years after the underlying medical act. The trial court found neither the one-year savings

statute in the Wrongful Death Act nor the tolling provision in R.C. 2305.15 applied to the statute of repose.

{¶6}   On December 3, 2021, Pelletier timely filed this appeal.  She initially raised three assignments of error.

{¶7}   This appeal was then stayed pending the Ohio Supreme Court's resolution of *Everhart v. Coshocton Cnty. Mem. Hosp.*, 2023-Ohio-4670, which was released December 28, 2023.  *Everhart* held:

> We reiterate here that R.C. 2305.113(C) is a true statute of repose and that it means what it says. Wrongful-death claims based on medical care are clearly and expressly included in R.C. 2305.113(E)(3)'s broad definition of "medical claim." They are claims that are "asserted in any civil action against a physician * * * that arise[ ] out of the medical diagnosis, care, or treatment" of a patient. *Id.* Therefore, they are expressly within the scope of the medical-claim statute of repose unless another statutory provision negates their inclusion.

*Id.* at ¶ 13.

{¶8}   A statute of repose is a limitation on bringing legal action "after a specified time since the defendant acted" regardless of when or whether the plaintiff was injured. *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 9.  This contrasts with a statute of limitations, which restricts legal action based on "when the injury occurred or was discovered."  *Id.*  (quoting *Black's Law Dictionary* 1707 (11th Ed.2019)).

{¶9}   After the *Everhart* decision, the parties filed a Stipulated Withdrawal of First Assignment of Error on January 18, 2024.  Thus, we will proceed to address Pelletier's second and third assignments of error.

{¶10} The standard of review for a Civ.R. 12(C) motion for judgment on the pleadings is de novo.  *Ahmed v. Sargus*, 7th Dist. No. 03-BE-63, 2005-Ohio-2382, ¶ 7.  In reviewing a Civ.R. 12(C) ruling, the court may grant judgment on the pleadings only where no material issue of fact exists and the moving party is entitled to judgment as a

matter of law. *State ex rel. Pirman v. Money,* 69 Ohio St.3d 591, 592–593, 635 N.E.2d 26 (1994).

{¶11} Pelletier's second assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE ONE-YEAR SAVINGS STATUTE IN THE WRONGFUL DEATH ACT (O.R.C. 2125.04) SUPERSEDES THE FOUR-YEAR STATUTE OF REPOSE IN O.R.C. 2305.113.

{¶12} Pelletier claims that the savings statute in the Wrongful Death Act overrides the statute of repose. The savings statute identified, R.C. 2125.04, allows a plaintiff in a wrongful death action to refile within one year if the action fails for a reason other than on the merits. If we were to apply the savings statute, the wrongful death claim would be timely filed.

{¶13} In response, Mercy Health contends that the Ohio Supreme Court's decision in *Wilson,* 2020-Ohio-6827, holds that the statute of repose for medical malpractice cannot be superseded by a savings statute. Mercy Health argues the statute of repose is limited only by its own stated exceptions. It asserts Pelletier's claim is therefore barred because it was filed over four years from the date the medical action occurred.

{¶14} In *Wilson*, the Supreme Court of Ohio addressed the question of whether a general savings statute can be applied to the statute of repose in R.C. 2305.113, but not the savings statute specifically in the Wrongful Death Act. The issue in this case is whether the wrongful death savings statute should have applied to prevent R.C. 2305.113(C)(1) from barring Pelletier's wrongful death claim.

{¶15} In *Wilson*, Wilson and others filed complaints against Dr. Durrani and his practice for malpractice claims arising from a spinal surgery. Wilson and others voluntarily dismissed their claims without prejudice and later refiled them, incurring the four-year limit imposed by the statute of repose. They then argued that the one-year general savings statute in R.C. 2305.19 allowed their claims to be timely filed. The Ohio Supreme Court, conversely, found that the statute of repose was clear and unambiguous in barring any action upon a medical claim after the time limit. *Id.* at 424. The Court

stated that in light of the purpose of a statute of repose, to temporally insulate a defendant, an exception to a statute of repose would require a direct indication by the legislature. *Id.* at ¶ 29. The Court further pointed out that it had previously found that re-filing a claim does not cause the new claim to relate back to the filing date for the original claim. *Antoon v. Cleveland Clinic Found.,* 148 Ohio St.3d 483, 490, 2016-Ohio-7432, 71 N.E.3d 974. The statute of repose for medical claims then is only limited by its own exceptions or a statute that the legislature indicates overrides statutes of repose. *Wilson,* at ¶ 29-30.

**{¶16}** None of the exceptions to the statute of repose detailed in R.C. 2305.113 apply to Pelletier's claims. *See* R.C. 2305.113. *Wilson* did not specifically address wrongful death claims, but given that they are medical claims for the purpose of this analysis, they are not meaningfully distinct from the malpractice claims brought in *Wilson*. The facts in *Wilson* are similar to the facts in this case. Both plaintiffs brought, voluntarily dismissed without prejudice, and refiled claims after the medical statute of repose had run. Pelletier argues that the wrongful death savings statute itself was not addressed in *Wilson*, and further that it then supersedes the statute of repose. However, the savings statute for wrongful death does not mention, nor indicate, an exception to R.C. 2305.113. *See* R.C. 2125.04. Thus, the trial court correctly found that the statute of repose for medical malpractice is not affected by the savings statute in the Wrongful Death Act.

**{¶17}** Accordingly, Pelletier's second assignment of error is without merit and is overruled.

**{¶18}** Pelletier's third assignment of error states:

THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S SURVIVORSHIP CLAIM AGAINST THE INDIVIDUAL DOCTORS WITHOUT PERMITTING APPELLANT TO CONDUCT DISCOVERY PURSUANT TO O.R.C. 2305.15 TO DETERMINE IF THE STATUTE OF REPOSE WAS TOLLED.

**{¶19}** Pelletier argues her survivorship claim may not be barred by the statute of repose because that statute is subject to R.C. 2305.15(A), a tolling provision that extends time limits on bringing an action if the defendant spends time out of state. R.C. 2305.15(A) provides:

Case No. 21 MA 0110

When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶20} The survivorship claim is accepted as a medical claim. Pelletier contends that the tolling provision affects the time period designated by the statute of repose for medical claims. As such, the trial court should have permitted discovery for Pelletier to explore whether or not the Doctors had left Ohio during the four-year statute of repose.

{¶21} The two issues for the Court to address here are: (1) whether the tolling provision in R.C. 2305.15(A) affects the statute of repose in R.C. 2305.113, and (2) whether discovery should be granted for Pelletier to investigate whether the Doctors had been out of state long enough to overcome the statute of repose time limit on her survivorship claim.

{¶22} The standard of review of a trial court's decision in a discovery matter is abuse of discretion. *All Erection & Crane Rental Corp.v. Bucheit*, 7th Dist. Mahoning No. 05 MA 16, 2006-Ohio-889, ¶ 32. If any purely legal issues arise during the analysis of a discovery issue, however, the Court employs a de novo standard. *Id.*

{¶23} The Ohio Supreme Court in *Wilson* emphasized that an exception to the statute of repose would require an express statutory indication. *Wilson*, 2020-Ohio-6827, at ¶ 31. The tolling provision in R.C. 2305.15 directly states that it applies to "*the period of limitation* for the commencement of the action as provided in sections 2305.04 to 2305.14[.]" (Emphasis added). At first glance, this might seem to not include a period of repose. But the First District's rulings on the tolling issue support the interpretation that the phrase "period of limitation" has frequently encompassed both statutes of limitation and statutes of repose. *Elliot v. Durrani*, 2021-Ohio-3055, 178 N.E.3d 977, ¶ 17 (1st Dist.), citing *Wilson* at ¶ 17. The General Assembly has also directly identified the tolling

provision as applicable to "civil actions upon a medical claim." *Wilson v. Durrani*, 1st Dist. Hamilton No. C-180196, 2021-Ohio-3226, ¶ 9.

**{¶24}** The potential counterargument to this construction is the canon of interpretation "*expressio unius est exclusio alterus*", which states that the inclusion of one exception to a rule is "assumed to exclude all other exceptions" if the exceptions are of the same class. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 228–229, 2010-Ohio-6280, 943 N.E.2d 522. However, this is an unpersuasive argument because the canon is an aid in interpretation that "must yield whenever a contrary legislative intent is apparent." *Baltimore Ravens, Inc. v. Self-Insuring Emp. Evaluation Bd.*, 94 Ohio St.3d 449, 455, 764 N.E.2d 418, 424 (2002). The legislative intent for the tolling provision to apply to the medical malpractice statute supersedes the canon. The tolling provision in R.C. 2305.15 therefore applies to the statute of repose in R.C. 2305.113.

**{¶25}** Pelletier's assignment of error then centers on the trial court not allowing her to undertake discovery as to whether the statute of repose was tolled long enough to allow her to bring her survivorship claim. The tolling provision allows a period of limitation for bringing an action to essentially pause if a defendant "is out of the state, has absconded, or conceals self." R.C. 2305.15. Both Pelletier and Mercy Health acknowledge that the tolling provision could only apply to the behavior of the Doctors, and not to Mercy Health itself. Pelletier does not accuse the Doctors of intentionally absconding or concealing themselves, but rather wishes to conduct discovery to determine whether they ever left Ohio at all, and if so, whether they did so long enough to overcome the 78 days past the statute of repose that Pelletier filed her survivorship claim.

**{¶26}** Ohio permits a right to liberal discovery, although in consideration of "whether the burden or expense of the proposed discovery outweighs its likely benefit." Civ. R. 26 (B)(1); *Ward v. Summa Health Sys.*, 128 Ohio St. 3d 212, 2010-Ohio-6275, 943 N.E.2d 514. Using time out of state gathered from discovery to apply a tolling provision has generally been permitted by the Supreme Court of Ohio. *See Johnson v. Rhodes*, 89 Ohio St.3d 540, 541, 733 N.E.2d 1132 (2000). Time pieced together from vacations and weekend trips to toll has been allowed by the Seventh District as well. *See Pittman v. Boley*, 7th Dist. Carroll No. 600, 1991 WL 66189. Discovery as to whether the

Doctors left Ohio for a period adding up to over 78 days over four years may produce enough time to toll the statute of repose.

**{¶27}** Accordingly, Pelletier's third assignment of error has merit and is sustained.

**{¶28}** For the reasons above, the trial court's judgment is hereby affirmed as to the wrongful death claim. It is reversed and remanded for discovery as to whether the statute of repose was tolled for the filing of the survivorship claim.

Waite, J., concurs.

Robb, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, Pelletier's first assignment of error is withdrawn. Her second assignment of error is overruled. Pelletier's third assignment of error is sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed as to the wrongful death claim. It is reversed as to the survivorship claim and remanded for discovery as to whether the statute of repose was tolled for the filing of the survivorship claim and for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**