[Cite as *Davis v. Mercy St. Vincent Med. Ctr.*, 2024-Ohio-2386.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Donald A. Davis, Individually, and as
Executor of the Estate of Monica P.
Davis, et al.

   Appellants

v.

Mercy St. Vincent Medical Center,
et al.

   Appellees

Court of Appeals No. L-21-1095

Trial Court No. CI0201803398

**<u>DECISION AND JUDGMENT</u>**

Decided: June 21, 2024

* * * * *

Gary W. Osborne and Jack S. Leizerman, for appellants.

Julia Smith Wiley and Kayla L. Henderson, for appellee
Mercy St. Vincent Medical Center.

Taylor C. Knight and Erin Siebenhar Hess, for appellees Fayyaz H.
Hashmi, M.D., Mercy Health North, LLC (fka) Mercy Health System-
Northern Region and Mercy Medical Partners, Northern Region, LLC.

* * * * *

**MAYLE, J.**

**{¶ 1}** This matter is before the court upon remand from the Ohio Supreme Court.

**{¶ 2}** In *Davis v. Mercy St. Vincent Med. Ctr.,* 2023-Ohio-4723, the Ohio Supreme Court reversed the majority decision in *Davis v. Mercy St. Vincent Med. Ctr.,* 2022-Ohio-1266 (6th Dist.), on the authority of *Everhart v. Coshocton Cty. Mem. Hosp.*, 2023-Ohio-4670. It remanded the matter so that we could consider appellees' arguments that we previously declined to consider.

## A. Proceedings in the Trial Court

**{¶ 3}** Monica Davis died on April 4, 2014, allegedly as the result of medical negligence committed on November 4, 2013, by Fayyaz Hashmi, M.D. and other health care providers. On May 4, 2015, after properly availing themselves of the additional 180 days to file suit under R.C. 2305.113(B), her husband and executor of her estate, Donald Davis, and her son, Dustin Davis (collectively, "Davis"), filed a complaint against Dr. Hashmi, his practice, Mercy St. Vincent Hospital, and others, alleging medical negligence, loss of consortium, and wrongful death. On August 21, 2017, after extensive discovery, Davis dismissed his claims against all defendants without prejudice under Civ.R. 41(A)(1)(a). He refiled the case on August 15, 2018—within one year of his voluntary dismissal without prejudice—against Dr. Hashmi, Mercy St. Vincent Hospital, Mercy Health North, LLC, fka Mercy Health System-Northern, and Mercy Medical Partners, Northern Region, LLC ("appellees").

**{¶ 4}** On July 30, 2019, appellees filed motions for judgment on the pleadings and for summary judgment. They argued that the four-year statute of repose for medical claims set forth in R.C. 2305.113(C) barred Davis's claims because he refiled his

2

complaint more than four years after the allegedly negligent act giving rise to his claims. In a September 17, 2019 judgment, the trial court denied appellees' motions because Davis had refiled his lawsuit within the one-year period set forth in Ohio's saving statute, R.C. 2305.19.

{¶ 5} Over a year after the trial court denied appellees' motions, on December 23, 2020, the Ohio Supreme Court decided *Wilson v. Durrani*, 2020-Ohio-6827. In *Wilson,* the court held that "a plaintiff may [not] take advantage of Ohio's saving statute to refile a medical claim after the applicable one-year statute of limitations has expired if the four-year statute of repose for medical claims has also expired." *Id.* at ¶ 1.

{¶ 6} Following the Ohio Supreme Court's decision in *Wilson*, appellees filed renewed motions for judgment on the pleadings or, alternatively, for summary judgment, and a motion for reconsideration of the trial court's September 17, 2019 judgment. On April 22, 2021, the trial court granted appellees' motions for judgment on the pleadings or, alternatively, for summary judgment. Davis appealed.

### B. The Appeal to this Court

{¶ 7} On appeal to this court, Davis argued that "the trial court erred when it found that the Ohio medical malpractice statute of repose, R.C. 2305.113(C), applies to wrongful death claims." The issue was whether a plaintiff may rely on Ohio's wrongful-death saving statute, R.C. 2125.04, to refile a wrongful-death claim predicated on medical negligence within one year of voluntarily dismissing his original complaint without prejudice but more than four years after the allegedly negligent act occurred—

3

i.e., after the statute of repose for filing a "medical claim" has expired. Davis conceded that under *Wilson*, his non-fatal injury claims were barred because he refiled his complaint after the four-year statute of repose for medical claims had expired. He argued, however, that where a wrongful-death claim is timely-filed to begin with, is dismissed without prejudice, and is refiled within one year of dismissal under the *wrongful-death* saving statute, that claim is not barred by the medical-claim statute of repose.

**{¶ 8}** A majority of this court held that a wrongful-death action is a special statutory action subject to the provisions contained within the wrongful-death statutes themselves, and the Wrongful Death Act contains no statute of repose applicable to actions predicated on claims of medical negligence. *Davis*, 2022-Ohio-1266, at ¶ 68 (6th Dist.). As such, the majority concluded that the four-year medical-negligence statute of repose did not bar Davis's wrongful-death action, refiled under the saving statute.

**{¶ 9}** We recognized that our holding was in conflict with decisions of the Third, Fifth, and Eleventh Districts, so we certified the record for review and final determination to the Supreme Court of Ohio on the following issue:

> Is the four-year medical-claim statute of repose set forth in R.C. 2305.113(C) inapplicable to wrongful-death actions predicated on negligent medical care?

4

The Court certified a conflict and allowed an appeal. It was held for a decision in *Everhart v. Coshocton,* Ohio Supreme Court Case Nos. 2022-0407 and 2022-0424. *Davis v. Mercy St. Vincent Med. Ctr.,* 2022-Ohio-2788.

### C. *Everhart v. Coshocton Cty. Mem. Hosp.* and its Impact on this Case

{¶ 10} The Ohio Supreme Court decided *Everhart v. Coshocton,* 2023-Ohio-4670, on December 28, 2023, and reversed *Davis* on its authority. In *Everhart*, the Court held that the medical-claim statute of repose applies to wrongful-death claims based on allegedly negligent medical care.

{¶ 11} The impact of *Everhart* is that unless otherwise provided in the Revised Code, the holding in *Wilson*—that a plaintiff may not take advantage of R.C. 2305.19(A) (Ohio's general saving statute) to refile a medical claim after the applicable one-year statute of limitations has expired if the four-year statute of repose for medical claims has also expired—applies equally to wrongful-death claims based on medical care refiled under R.C. 2125.04 (the wrongful-death saving statute).

{¶ 12} Appellees argue that the general saving statute and the wrongful death saving statute are operatively identical, and neither provides an exception to the four-year statute of repose for a claim of wrongful death premised on allegedly negligent medical care. Therefore, notwithstanding either saving statute, the statute of repose is an absolute bar to Davis's claims. Under the authority of *Wilson* and *Everhart,* we are compelled to agree with appellees.

5

{¶ 13} Accordingly, we find Davis's assignment of error not well-taken and affirm the April 22, 2021 judgment of the Lucas County Court of Common Pleas. Davis is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.