[Cite as *Pelletier v. Mercy Health Youngstown, L.L.C.*, 2024-Ohio-3397.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

LESLIE PELLETIER,

Plaintiff-Appellant,

v.

MERCY HEALTH YOUNGSTOWN, LLC ET AL,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0110**

---

Application for Reconsideration

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Ryan J. Melewski*, Rafidi, Pallante & Melewski, LLC, and *Atty. Norman A. Moses*, for Plaintiff-Appellant and

*Atty. Holly Marie Wilson* and *Atty. Brianna M. Prislipsky*, Reminger Co., L.P.A., for Defendants-Appellees.

Dated: September 3, 2024

**PER CURIAM.**

{¶1} Plaintiff-Appellant, Leslie Pelletier (Pelletier), Administratrix for the Estate of Paulette Sitnic, has filed an application for reconsideration asking this Court to reconsider our decision and judgment entry in which we affirmed the trial court's judgment as to her wrongful death claim, reversed it as to her survivorship claim, and remanded the matter for discovery as to whether the statute of repose was tolled for the filing of the survivorship claim and for further proceedings. *Pelletier v. Mercy Health Youngstown, LLC*, 2024-Ohio-2131 (7th Dist.). Additionally, Defendants-Appellees, Mercy Health Youngstown, LLC (Mercy Health), Dr. Jason Delatore, and Dr. Rachel Juchnowski (Doctors), collectively (Appellees) have filed a cross-application for reconsideration of the same decision and judgment entry.

{¶2} App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143 (10th Dist. 1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶3} Pelletier asks us to reconsider our decision on a limited issue. She asserts that if her survivorship claim can be tolled pursuant to R.C. 2305.15(A) to allow discovery on the issue of whether the Doctors had been out of state long enough to overcome the statute of repose, then it stands to reason that her wrongful death claim can also be tolled under that same provision.

{¶4} Pelletier argued on appeal that her survivorship claim may not be barred by the statute of repose because that statute is subject to R.C. 2305.15(A), a tolling provision

that extends time limits on bringing an action if the defendant spends time out of state. R.C. 2305.15(A) provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

{¶5} We found that the survivorship claim was accepted as a medical claim. *Pelletier*, at ¶ 20. Pelletier argued that the tolling provision affects the time period designated by the statute of repose for medical claims. We agreed and found that the trial court should have permitted discovery on Pelletier's survivorship claim to explore whether or not the Doctors had left Ohio during the four-year statute of repose. *Id.* at ¶ 23, 26.

{¶6} In our Opinion, relying on *Wilson v. Durrani*, 2020-Ohio-6827, we noted: "*Wilson* did not specifically address wrongful death claims, but given that they are medical claims for the purpose of this analysis, they are not meaningfully distinct from the malpractice claims brought in *Wilson*." *Pelletier*, 2024-Ohio-2131, at ¶ 16.

{¶7} We found merit with Pelletier's third assignment of error, which stated: "The trial court erred by dismissing appellant's *survivorship claim* against the individual doctors without permitting appellant to conduct discovery pursuant to O.R.C. 2305.15 to determine if the statute of repose was tolled." (Emphasis added). In that assignment of error, Pelletier argued only that her *survivorship* claim could not be barred by the statute of repose because that statute was subject to the tolling provision in R.C. 2305.15(A). We will not now reconsider our decision based on her new argument. (*See* Pelletier's Appellate Brief p. 15-18).

{¶8}   We turn next to Appellees' arguments.

{¶9}   Appellees have asked this Court to stay our consideration of Pelletier's application for reconsideration pending the enactment of House Bill 179.  House Bill 179 was passed on June 26, 2024.  Its purpose, according to the General Assembly, was to expressly overrule the decision of the Ohio Supreme Court in the case of *Elliot v. Durrani*, 2022-Ohio-4190.  As amended, R.C. 2305.15(A)(1) will now provide:

> (A)(1) Except as provided in division (A)(2) of this section, when a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.
>
> (2) *Division (A)(1) of this section does not apply to statutes of repose, including, but not limited to,* those contained in any of the following:
>
> (a) Division (C) of section 2305.10 of the Revised Code [product liability];
>
> (b) Division (C) or (D) of section 2305.113 of the Revised Code [medical claims for minors or when injury could not be discovered within three years];
>
> (c) Division (B) of section 2305.115 of the Revised Code [assault or battery against mental health professional];
>
> (d) Division (B) or (C) of section 2305.117 of the Revised Code [legal malpractice when injury could not be discovered within three years];
>
> (e) Section 2305.131 of the Revised Code [defective and unsafe condition of an improvement to real property].

(Emphasis added).

Case No. 21 MA 0110

**{¶10}** Appellees argue that the tolling statute is now precluded from applying to the medical claim statute of repose, and therefore, Pelletier's claims would not be exempt from that statute due to the express inclusion of the exemption and both the wrongful death claim and the survivorship claim would be time-barred. This would make the sole issue in Pelletier's application for reconsideration moot. Appellees further request that we reconsider our decision in light of the amendment to R.C. 2305.15(A)(1).

**{¶11}** First, as can be seen, the amendment to the statute does not specify all medical claims as Appellees contend.

**{¶12}** Second, Under Section 1c, Article II, of the Ohio Constitution, no law or section of any law "passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state, except as herein provided." Thus, the amended statute will not go into effect until October 24, 2024.

**{¶13}** Third, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. There is no indication in House Bill 179 to expressly make its application retroactive. Therefore, it is to apply prospectively and would not apply to this case.

**{¶14}** For the reasons stated, Pelletier's application for reconsideration is denied. Likewise, Appellees' application for reconsideration is denied.


**JUDGE MARK A. HANNI**


**JUDGE CHERYL L. WAITE**


**JUDGE CAROL ANN ROBB**


## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**


Case No. 21 MA 0110