[Cite as *Gamble v. Valley Oaks Care Ctr.*, 2025-Ohio-570.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### COLUMBIANA COUNTY

JAMES GAMBLE, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JANET GAMBLE, DECEASED,

Plaintiff-Appellant,

v.

VALLEY OAKS CARE CENTER et al.,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0029**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2024 CV 67

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Blake A. Dickson*, The Dickson Firm, L.L.C., for Plaintiff-Appellant and

*Atty. Daniel A. Leister*, Lewis Brisbois Bisgaard & Smith LLP, for Defendant-Appellee.


Dated: February 20, 2025

**Robb, P.J.**

{¶1} Plaintiff-Appellant James Gamble, as the personal representative of the Estate of Janet Gamble appeals the judgment of the Columbiana County Common Pleas Court dismissing the action on the motion of Defendant-Appellee Selfridge Leasing, LLC dba Valley Oaks Care Center (the nursing home). The trial court found the refiled action was barred by the four-year statute of repose for medical claims. Appellant argues where the original action was timely filed but then voluntarily dismissed, the saving statute allows refiling within one year regardless of the statute of repose, just as it works with the statute of limitations. However, the Ohio Supreme Court considers the statute of repose a hard deadline that is not satisfied by a refiling under the saving statute. For the following reasons, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2} According to Appellant's factual recitation, Janet Gamble (the decedent) entered the nursing home on November 5, 2016 with dementia and incontinence (urinary and bowel). She was admitted to a hospital in January of 2017 with sepsis, urinary tract infection, pneumonia, and malnutrition. When she returned to the nursing home, a nurse noticed bed sores on her heels and coccyx, and a week later, one sore was labeled a stage III pressure ulcer. Two days later, a nurse documented bed sores on the decedent's buttocks and toes. After another two days, the decedent was found to have a high temperature and labored breathing, and the nurse called the decedent's physician. The decedent was re-admitted to the hospital for sepsis and pneumonia. She returned to the nursing home but was there for less than two weeks when she was returned to the hospital suffering from septic shock, urinary tract infection, and pressure ulcers. On February 27, 2017, the same day as her hospital admission, she died of cardiac arrest from severe sepsis.

{¶3} One year later, on February 27, 2018, the personal representative of the decedent's estate filed an action containing wrongful death and survivorship claims against the nursing home.[1] Addressing inadequate medical treatment and nursing care,

---

[1] The original complaint additionally named John Doe defendants and defendants believed to be owners of the nursing home (Eli Gunzberg, a related trust, and a trust related to Frank Gunzberg). The trial court granted summary judgment to the Gunzberg defendants due to the lack of evidence on corporate veil piercing. (11/14/19 Partial Summary Judgment J.E.).

Case No. 24 CO 0029

the complaint referred to an overmedicated state, insufficient care plan, lacking comprehensive assessments, improper catheter insertion, and illnesses not treated properly or referred to physicians. Statutes on wrongful death and the rights of a nursing home resident were generally cited.

**{¶4}** At the same time, Appellant sought an extension of time to file the affidavit of merit required by Civ.R. 10 for medical claims. An affidavit of merit from a physician and an affidavit of merit from a nurse were thereafter submitted. Appellant also provided three expert reports to the defense in 2019.

**{¶5}** In advance of an October 2022 trial date, proposed jury instructions, motions in limine, and trial briefs were submitted. The trial was then rescheduled.

**{¶6}** On March 9, 2023, four days before trial, Appellant voluntarily dismissed the case, stating the dismissal was without prejudice and claiming a reservation of the right to refile within one year of the notice of dismissal "or at any time prior to the applicable statute of limitations, whichever date is later."[2]

**{¶7}** On February 20, 2024, within one year of the voluntary dismissal, Appellant refiled the complaint against the nursing home (without naming the Gunzberg defendants). The same affidavits of merit were submitted with the complaint.

**{¶8}** The nursing home filed a Civ.R. 12(B)(6) motion to dismiss arguing the action was barred by the four-year medical claim statute of repose in R.C. 2305.113(C). In response, Appellant argued in pertinent part that the case was filed within the four-year statute of repose for medical claims because the original complaint was filed within the four-year time limit and the statute of repose was satisfied by a timely refiling under the general saving statute in R.C. 2305.19(A) or the wrongful death saving statute in R.C. 2125.04. In reply, the nursing home pointed to case law holding the commencement date for purposes of the statute of repose is not the date of the original complaint in a refiled action regardless of which saving statute would apply to any statute of limitations issue.

**{¶9}** The trial court granted the motion to dismiss based on the four-year statute of repose. The court found the claims were medical claims under the broad definition in the statute as reinforced by Ohio Supreme Court precedent. The trial court then

---

[2] After voluntarily dismissing, Appellant attempted to appeal (for the second time) the partial summary judgment granted to the Gunzberg defendants. In 23 CO 22, we dismissed the appeal, stating the voluntary dismissal dissolved any interlocutory order we previously found to be non-final in 19 CO 45.

concluded the voluntary dismissal rendered the claims non-existent for purposes of the commencement date relevant to the statute of repose, citing Supreme Court law for the holding that a plaintiff cannot take advantage of a saving statute to refile a medical claim after the statute of limitations expired if the four-year statute of repose has also expired. (6/24/24 J.E.). Appellant filed a timely notice of appeal.

ASSIGNMENT OF ERROR

{¶10} Before setting forth the law at issue, we summarize the arguments. Appellant's sole assignment of error contends:

"The trial court erred in granting Defendant-Appellee's motion to dismiss."

{¶11} Appellant says the 2024 action was "commenced" within the four-year statute of repose for medical claims in R.C. 2305.113(C) because it was originally filed in 2018, well within four years of all relevant acts in this case. It is not disputed the action is based on a medical claim, making the four-year statute of repose relevant. Rather, Appellant argues the statute of repose was satisfied and co-exists with the saving statute.

{¶12} In so arguing, Appellant points out a Civ.R. 41(A)(1) voluntary dismissal is a "failure otherwise than on the merits" as the term is used in the saving statute in R.C. 2305.19. *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987), paragraph two of the syllabus. Appellant points out the *Frysinger* Court additionally observed a refiled action "relates back" to the filing date of the original action "for limitations purposes". *See id.* at 42 (a case not involving a statute of repose). Because the refiling of his 2018 action within one year of the voluntary dismissal would be timely under the saving statute for statute of limitations purposes, Appellant believes it likewise should be timely here for statute of repose purposes.

{¶13} Pointing out the nursing home was fully aware of the need to defend against the specifics of the action included in the three expert reports disclosed in discovery prior to the expiration of the statute of repose, Appellant claims the purpose behind the statute of repose will not be defeated by the use of the saving statute. Appellant urges a liberal construction of the two statutes so as to give effect to both will result in cases being decided on their merits rather than on mere technicalities.

{¶14} Appellant's brief quotes multiple paragraphs from a Supreme Court dissent opining the application of the statute of repose in conjunction with the saving statute's extra year will not affect the statute of repose's purpose of providing certainty through an

absolute time bar. *See Wilson v. Durrani*, 2020-Ohio-6827, ¶ 43-50 (Stewart, J., dissenting). [3] Along these lines, Appellant notes the statute of repose is not purely absolute as it has various exceptions within it and is subject to the fleeing defendant tolling statute. *See* R.C. 2305.113(C)-(D) (exceptions for minor, unsound mind, issue unable to be discovered within three years of the act but discovered within four years, foreign objects); *Elliot v. Durrani*, 2022-Ohio-4190, ¶ 1, citing R.C. 2305.15(A) (fleeing defendant).

{¶15} Appellant then contends the trial court's dismissal not only ignores the saving statute in R.C. 2305.19 but also ignores the so-called nursing home resident's bill of rights, citing R.C. 3721.17(G)(1)(a), which provides a cause of action against a person or home for violating rights contained in R.C. 3721.10 through R.C. 3721.17. *See* Former R.C. 3721.17(I)(1)(a), now (G)(1)(a) (eff. 7/4/23, a renumbering with no change to the text of the relevant subdivision). Although Appellant states a prior case from this court is inapplicable because it did not involve a nursing home, he nevertheless quotes from it for the proposition that wrongful death actions based on medical claims "are expressly within the scope of the medical-claim statute of repose unless another statutory provision negates their inclusion." *Pelletier v. Mercy Health Youngstown, LLC*, 2024-Ohio-2131, ¶ 7 (7th Dist.), quoting *Everhart v. Coshocton Cty. Mem. Hosp.*, 2023-Ohio-4670, ¶ 13 (where the Supreme Court held a wrongful death action based on a medical claim is subject to the four-year medical claim statute of repose). From this, Appellant essentially concludes the mere creation of a claim under R.C. 3721.17(G)(1)(a) should be considered a statutory provision negating this claim's inclusion in the statute of repose.

{¶16} In response, the nursing home argues Appellant is asking us to violate the Supreme Court precedent set forth in various cases, including *Wilson,* holding the general saving statute does not cause a refiled complaint on a medical claim to change its commencement date to that of a voluntarily dismissed prior action. It is urged the date of commencement of the 2024 complaint for purposes of the four-year statute of repose

---

[3] Appellant cites a Fifth District case weighing policy grounds in favor of applying the saving statute to the statute of repose. *Johnson v. Stachel*, 2020-Ohio-3015, ¶ 27-34 (5th Dist.), citing *Wilson v. Durrani*, 2019-Ohio-3880, ¶ 3 (1st Dist.) (containing the now-reversed holding that the saving statute allows an action to survive beyond the expiration of the medical claim statute of repose). However, *Johnson* was accepted for review by the Ohio Supreme Court and held for the appeal in the *Wilson* case. Later, the parties in *Johnson* jointly agreed to dismiss the Supreme Court appeal. *Johnson*, 2020-Ohio-5319. The First District's *Wilson* case relied on by the Fifth District in *Johnson* was then reversed by the Supreme Court in *Wilson,* 2020-Ohio-6827, a case further analyzed infra.

cannot be changed to the date of the 2018 complaint under the cited relation back theory. It is observed said theory was based on mere dicta that has since been rejected and was related to a statute of limitations rather than a statute of repose in any event. The nursing home points to principles of stare decisis and our *Pelletier* decision is a case on point, wherein the plaintiff who filed a wrongful death and survivorship action based on medical claims was prohibited from using the wrongful death saving statute to extend the four-year statute of repose for medical claims. *Pelletier* at ¶ 12, 16.

<u>STATUTE OF REPOSE LAW</u>

**{¶17}** A statute of repose and a statute of limitations have distinct functions even though both limit the time period a potential defendant must anticipate defending a claim. *Antoon v. Cleveland Clinic Found.*, 2016-Ohio-7432, ¶ 11. A statute of limitations establishes the time limit to file a civil suit from the date of accrual of a claim (such as upon occurrence or discovery of injury). *Id.* A statute of repose bars a suit after a certain amount of time passes from the date of the defendant's conduct, regardless of whether the period ends before an injury results. *Id.*

**{¶18}** "A statute of limitations operates on the remedy, not on the existence of the cause of action itself . . . A statute of repose bars the claim—the right of action—itself." *Wilson*, 2020-Ohio-6827, at ¶ 9. The two types of statutes "target different actors" with a statute of limitations relating to a plaintiff's "duty to diligently prosecute known claims" and a statute of repose relating to a defendant's "entitlement to be free from liability after a legislatively determined time." *Id.* at ¶ 10.

**{¶19}** A medical claim is statutorily defined, in pertinent part, as a claim against a home or residential facility or its agent or employee arising out of medical diagnosis, care, or treatment. R.C. 2305.113(E)(3). A medical claim includes the following: derivative claims for relief arising from medical diagnosis, care, or treatment or from the plan of care prepared for a resident of a home; claims arising from medical diagnosis, care, or treatment or from the plan of care prepared for a resident of a home if either claim results from acts or omissions in medical care or from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment; claims arising from the plan of care, medical diagnosis, or treatment brought under R.C. 3721.17; or claims arising from skilled nursing care or personal care services in a home under the plan of care, medical diagnosis, or treatment. R.C. 2305.113(E)(3)(a)-(e); *see also* R.C.

<u>Case No. 24 CO 0029</u>

3721.01 (defining terms such as home, residential facility, and personal care services, which includes assisting residents with activities of daily living). It is not disputed the complaint was based on a medical claim as the term is so statutorily defined. *See Wilson* at ¶ 13 (pointing out no party disputed to the Supreme Court that the claims were medical claims).

{¶20} In general, an action on a medical claim has a one-year statute of limitations. R.C. 2305.113(A) (the same statute containing the statute of repose); R.C. 2305.21 (survival of actions after death for survivorship claims). A wrongful death action has a two-year statute of limitations. R.C. 2125.02(F)(1). Regardless of the varying statutes of limitations,[4] Appellant's action was filed within one year of the decedent's death, and there is no statute of limitations argument presented in this appeal, which is based upon the general saving statute and the medical claim statute of repose.

{¶21} "The saving statute allows plaintiffs to refile lawsuits in certain situations after the applicable statute of limitations expires." *McCullough v. Bennett*, 2024-Ohio-2783, ¶ 11, citing R.C. 2305.19(A). This general saving statute provides in pertinent part: "In any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . failure otherwise than upon the merits or within the period of the original *applicable statute of limitations*, whichever occurs later." (Emphasis added.) R.C. 2305.19(A).

{¶22} R.C. 2305.19(A) is the only saving statute cited by Appellant on appeal. A saving statute specific to a wrongful death action contains the following similar language (but provides a citation to the applicable statute of limitations):

> In every civil action for wrongful death that is commenced or attempted to
> be commenced within the time specified by division (F)(1) or (F)(2)(c), (d),
> (e), (f), or (g) of section 2125.02 of the Revised Code, if . . . the plaintiff fails
> otherwise than upon the merits, the plaintiff . . . may commence a new civil
> action for wrongful death within one year after the date of . . . the plaintiff's

---

[4] The Supreme Court has noted that it "has never considered whether that statute of limitations applies to wrongful-death claims based on medical care" after amendments to the statute of limitations in R.C. 2305.113(A). *Everhart*, 2023-Ohio-4670, at ¶ 25 (and said prior holdings issued when this statute of limitations contained the word "malpractice" are no longer instructive). We discuss this case further below for its ultimate holding on the statute of repose in R.C. 2305.113(C) being applicable to a wrongful death action based on a medical claim.

failure otherwise than upon the merits or within the period specified by any of those divisions, whichever occurs later.

R.C. 2125.04. (We note "the period specified by" the cited division (F)(1) of R.C. 2125.02 is the two-year statute of limitations for a wrongful death action).

{¶23} Although mentioned below, Appellant does not utilize or mention the wrongful death saving statute on appeal. Appellant thus does not argue that it applies or that it has different implications than the general saving statute reviewed by many of the cases cited by the parties.

{¶24} As explained by the Ohio Supreme Court, a saving statute is remedial in order to provide a plaintiff an adjudication on the merits and "acts as an exception to the general bar *of the statute of limitations*." (Emphasis added). *Wilson*, 2020-Ohio-6827, at ¶ 11. It not disputed that the saving statute would have saved Appellant's claims from being untimely under the applicable *statute of limitations*.

{¶25} The dispute is whether a timely refiling under the saving statute allows the date of the original complaint to "relate back" or otherwise remain the commencement date for purposes of satisfying the medical claim statute of repose, which provides:

(1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

(2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

R.C. 2305.113(C).

{¶26} The Supreme Court has described this as a "true statute of repose" that must be read as enacted and not with an intent to circumvent legislatively imposed time limitations that are based on important policy concerns relevant to the decision to allow defendants to be free from fear of litigation for medical claims after an "absolute limit" against indefinite potential suits. *Antoon* at ¶ 18-19, 21-22, 34-35 (finding the statute of repose constitutional and applicable to "both vested and nonvested claims"). "[T]he plain language of the statute is clear, unambiguous, and means what it says. If a lawsuit

bringing a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action on that claim is barred." *Id.* at ¶ 23.

**{¶27}** "The law is clear that once a complaint has been dismissed without prejudice, legally, that action is deemed to never have existed." *Id.* at ¶ 24. Satisfaction of the statute of repose once does not necessarily mean it continues to be satisfied regardless of future occurrences. *Id.*

**{¶28}** Based on this pronouncement of the law, the *Antoon* Court then found the plaintiff's original state complaint on a medical claim, although filed within the four-year statute of repose, was deemed to have never existed due to its voluntary dismissal; it was then followed by a federal complaint lacking state claims so that no state action on the medical claim commenced until the second state complaint was filed outside of the repose period. *Id.*

**{¶29}** Responding to the nursing home's citation to this case, Appellant points out the case is not on point. Although containing a relevant legal review, the *Antoon* case is distinguishable because a federal tolling statute was not properly invoked (due to the failure to include the state claim in the federal complaint). The Court specifically said it was not deciding whether properly invoked saving and federal tolling statutes could allow an action to survive after the statute of repose expires. *Id.* at ¶ 30.

**{¶30}** As the nursing home emphasizes, the Supreme Court thereafter addressed a case where the plaintiff filed suit on a medical claim within the four-year statute of repose but then voluntarily dismissed the case and refiled it within one year relying on the same saving statute cited by Appellant here. *Wilson*, 2020-Ohio-6827, at ¶ 20, 22. The Court reiterated how a dismissal without prejudice allows the plaintiff to "state a new case, if he can" *but* it leaves the parties as if no action had ever been filed because the action is "deemed to never have existed." *Id.* at ¶ 20, quoting *Antoon*, 2016-Ohio-7432, at ¶ 24 and *DeVille Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272 (1959).

**{¶31}** The *Wilson* Court specifically held the saving statute is not an exception to the four-year statute of repose and an original complaint that is voluntarily dismissed does not "relate back to the dates they initially filed their [claims] for purposes of the statute of repose." *Id.* at ¶ 20, 25. In so holding, the Court negatively addressed the statement Appellant relies on from the Court's *Frysinger* case about a date relating back under the

saving statute. *Id.* at ¶ 26. This cited 1987 *Frysinger* case noted, "Where R.C. 2305.19 applies, the date for filing the new action relates back to the filing date for the preceding action for limitations purposes." *Frysinger*, 32 Ohio St.3d at 42. However, the *Wilson* Court made various points against this holding.

**{¶32}** First, the Supreme Court pointed out the cases cited for this proposition in *Frysinger* did not address the relating back of filing dates. *Wilson* at ¶ 27. Second, the Court observed, "our statement in *Frysinger* about a refiled action relating back was dicta . . . [and] was of no consequence to our determination of those issues, and we are not obligated to give it binding effect." *Id.* (rather, *Frysinger* was about when a medical claim accrues and whether a voluntary dismissal was "a failure otherwise than on the merits").

**{¶33}** Third, the *Wilson* Court explained how a saving statute gives a plaintiff time to refile a dismissed claim that would otherwise be time-barred, but the action that was voluntarily dismissed is nevertheless considered to have never existed at all. *Id.* at ¶ 28. "The saving statute anticipates the commencement of a new action, not the reactivation of the prior action, and it says nothing about the new action relating back to the filing date of the prior action." *Id.* "In fact, because the saving statute specifically permits the refiling of an action beyond the expiration of the statute of limitations, so long as the refiling occurs within one year of a failure of the prior action otherwise than on the merits, there is no need for the refiled complaint to relate back." *Id.*

**{¶34}** To the contrary, the medical claim statute of repose "create[s] a bar on a defendant's temporal liability" without a saving statute exception and "clearly and unambiguously prohibits the commencement of any action upon a medical claim more than four years after the act or omission upon which the claim is based" (absent an express exception). *Id.* at ¶ 29 (noting the four-year medical claim statute of repose exceptions for age of minority, unsound mind, accrual during the last year, and foreign objects left in a body). By contrast, the Court pointed out how the ten-year statute of repose for a product liability claim expressly incorporates the saving statute as an exception. *Id.* at ¶ 30-31, 38.

**{¶35}** Regarding Appellant's citation to a federal district court case applying a federal circuit court case, the Ohio Supreme Court in *Wilson* specifically rejected the application of Ohio's saving statute to the statute of repose, disagreed with the circuit court's policy considerations, and distinguished the case as applying a broadly worded

statute from a different state. *Id.* at ¶ 34-37 (while emphasizing the Ohio saving statute specifically refers to the "statute of limitations" without reference to a statute of repose), distinguishing *Hinkle v. Henderson*, 85 F.3d 298 (7th Cir. 1996) (where the Illinois saving statute had broad language read to encompass both a statute of limitations and a statute of repose such as "period of limitation" and "where the time for commencing an action is limited").

**{¶36}** The Ohio Supreme Court therefore concluded the plain and unambiguous language of the four-year statute of repose prohibits a plaintiff from using Ohio's saving statute to refile a medical claim after the applicable statute of limitations expires if the four-year statute of repose for medical claims also expired. *Wilson*, 2020-Ohio-6827, at ¶ 1, 38. The views of the *Wilson* dissent cited by Appellant here are obviously not precedential, and our reliance upon those views would be inappropriate.

**{¶37}** We note the Supreme Court granted a partial reconsideration in order to specify its reversal included a remand to the appellate court "solely to consider whether the repose period was tolled under R.C. 2305.15(A)" (where it was alleged the defendant fled the country). *Wilson v. Durrani*, 2021-Ohio-534 (reconsideration in part). The cited statute formerly provided in part: "When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, *the period of limitation* for the commencement of the action as provided in sections 2305.04 to 2305.14 . . . does not begin to run until the person comes into the state or while the person is so absconded or concealed." (Emphasis added.) Former R.C. 2305.15(A).[5]

**{¶38}** On remand, the appellate court applied the tolling for fleeing statute, after which the Supreme Court accepted jurisdiction again and affirmed the application of that tolling statute to the statute of repose. *Elliot*, 2022-Ohio-4190, at ¶ 1. (During the remand, *Wilson v. Durrani* became *Elliot v. Durrani*.) The *Elliot* Court held:

> the explicit directives in other statutes matter as much as the directives in the statute of repose and are not to be ignored. The saving statute is not identified anywhere as an exception to the medical-claim statute of repose . . . But R.C. 2305.15(A) and (B) explicitly make the tolling statute an exception to the statute of repose. In other words, in *Wilson*, the court held

---

[5] This tolling for fleeing statute has since been amended to specifically prohibit its application to the statute of repose in R.C. 2305.113(C). R.C. 2305.15(A)(2)(b) (eff. 10/24/24).

Case No. 24 CO 0029

that nothing in the saving statute rescued the cause of action in that case from the statute of repose. But here, the tolling statute explicitly rescues Elliot's cause of action from the statute of repose.

*Id.* at ¶ 18. The Court found the tolling for fleeing statute and the medical claim statute of repose "complementary rather than conflicting" because the tolling statute's reference to "period of limitation" could encompass both a statute of repose and a statute of limitations; to the contrary, the saving statute in R.C. 2305.19(A) specifically referenced the statute of limitations when providing additional time. *Id.* at ¶ 19-21, citing *Wilson*, 2020-Ohio-6827, at ¶ 35, distinguishing *Hinkle*, 85 F.3d 298; *accord* R.C. 2125.04 (the wrongful death saving statute specifically refers to "the period specified by" division (F)(1) of R.C. 2125.02, which is the two-year statute of *limitations* for a wrongful death action).

**{¶39}** To be clear, the fleeing defendant tolling statute is not at issue in this case. However, Appellant believes the application of the statute as an exception to the statute of repose supports the argument that the creation of a statutory claim (such as in Chapter 3721 for nursing home residents) should broadly result in an exception to the statute of repose.

**{¶40}** We note the *Wilson* plaintiff did not die, and thus, the case did not contain a wrongful death action as here. Regardless, Appellant cites only the general saving statute interpreted in *Wilson* (which is applicable to Appellant's survivorship action on the decedent's medical claim). *And*, the wrongful death saving statute contains language equivalent to that in the general saving statute, which are both quoted above. *Compare* R.C. 2305.19(A) (general saving statute) *to* R.C. 2125.04 (wrongful death saving statute).

**{¶41}** The Ohio Supreme Court thus concluded a wrongful death action based on a medical claim is subject to the four-year statute of repose in R.C. 2305.113(C) just as other medical claims are subject to this repose period. *Everhart*, 2023-Ohio-4670, at ¶1. "The broad definition of 'medical claim' that applies to the statute of repose clearly and unambiguously includes wrongful-death claims based on medical care, and nothing in Ohio's statutory wrongful-death chapter negates their inclusion. Therefore, the statute of repose applies to such claims." *Id.* The Supreme Court subsequently applied *Everhart* to reverse appellate cases which had refused to extend the Court's *Wilson* statute of repose holding to wrongful death medical claims. *See, e.g., Davis v. Mercy St. Vincent*

*Med. Ctr.*, 2023-Ohio-4723; *McCarthy v. Lee*, 2023-Ohio-4699; *see also McCarthy v. Lee*, 2023-Ohio-4696, ¶ 22 (children's derivative claims also barred).

**{¶42}** Likewise, the fact that a cause of action for a medical claim against a nursing home is spelled out in a statute, such as R.C. 3721.17, does not distinguish this case from other cases involving wrongful death based on a medical claim. A wrongful death action is also created and governed by statutes (and did not exist at common law). R.C. 2125.01 et seq. Although containing no general statute of repose, said chapter does contain a separate saving statute (and a statute of repose specific to product liability claims) in R.C. 2125.04. *Compare* R.C. 3721 (which has no separate saving statute).

**{¶43}** Yet, a wrongful death action is nevertheless subject to the medical claim statute of repose. *Everhart* at ¶ 33; *see also Pelletier*, 2024-Ohio-2131, at ¶ 7, 26 (7th Dist.) (the saving statute for a wrongful death medical claim is "not meaningfully distinct" from the general saving statute); *Davis v. Mercy St. Vincent Med. Ctr.*, 2024-Ohio-2386, ¶ 12 (6th Dist.) (agreeing on remand: "the general saving statute and the wrongful death saving statute are operatively identical, and neither provides an exception to the four-year statute of repose for a claim of wrongful death premised on allegedly negligent medical care. Therefore, notwithstanding either saving statute, the statute of repose is an absolute bar to Davis's claims.")

**{¶44}** Despite arguments emphasizing the different *statute of limitations* for a general medical claim and a wrongful death, the Supreme Court concluded, "the medical-claim *statute of repose* and the wrongful-death statute do not conflict in any way." (Emphasis added.) *Everhart* at ¶ 19, 25-27. "The medical-claim statute of repose clearly applies to wrongful-death claims based on medical care," and "[t]he wrongful-death statute cannot remove wrongful-death claims based on medical care from the scope of the medical-claim statute of repose simply by remaining silent." *Id.* at ¶ 19-20, 33.

**{¶45}** Just as *Everhart* pointed out how a wrongful death suit based on a medical claim qualifies as a medical claim under the definition provided right in the statute of repose, this same definition statute refers to medical care and treatment plans at a home or residential facility and specifically cites to claims under R.C. 3721.17 (the statute creating the cause of action for nursing home residents). R.C. 2305.113(E)(1)(d). Furthermore, Appellant does not cite a provision in the nursing home statutes akin to the tolling statute discussed in *Elliot* (for fleeing defendants). In fact, the cited nursing home

statute speaks of the cause of action accruing and the "statute of limitations" beginning to run based on the violation (regardless of who commences the action); there is no mention of tolling a general "period of limitation" and no statement excluding the application of the statute of repose.  R.C. 3721.17(G)(1)(e), former (I)(1)(e).

{¶46} The plain reading of the relevant statutes in conjunction with the precedential case law on the topic demonstrates a timely complaint containing causes of action for wrongful death and survivorship based on medical claims, including those covered by the nursing home resident's bill of rights, that is voluntarily dismissed and refiled under the general saving statute or the wrongful death saving statute *cannot thereby adopt the commencement date of the original complaint in a "relation back" attempt to avoid the four-year medical claim statute of repose*.  Those saving statutes specifically address only the avoidance of the statute of limitations upon voluntary dismissal and refiling within a year, not the avoidance of the statute of repose.  Likewise, the nursing home resident statutes contain no mention of relation back or tolling the applicable statute of repose.  Appellant commenced the medical claim action outside of the four-year statute of repose in R.C. 2305.113(C).  Accordingly, Appellant's assignment of error is overruled.

{¶47}  For the foregoing reasons, the trial court's judgment is affirmed.


Waite, J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**